375 A.2d 142

**COMMONWEALTH of Pennsylvania**

v.

**Lamont Eugene FOREMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided June 29, 1977.

William F. Ochs, Jr., Public Defender, Reading, for appellant.

Charles M. Guthrie, Jr., Assistant District Attorney, Reading, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

On March 12, 1975, following a jury trial, appellant was found guilty of robbery.[1] Post-trial motions were timely filed, argued before a court en banc and denied. Two assignments of error are made in this appeal: (1) that the trial court abused its discretion in refusing to grant appellant's request for a pre-trial continuance; and (2) that the trial court erred in refusing to grant a mistrial when the complaining witness, during cross-examination by defense counsel, referred to having picked appellant's picture from files at police headquarters. Finding no merit in appellant's contentions, we affirm.

On the day of trial, immediately prior to the assignment of this case to a courtroom, appellant's counsel moved for a continuance before the motions court judge. The motion was denied and the case proceeded to trial. The basis for the motion was the alleged existence of alibi witnesses who would testify that appellant had been in Florida at the time of the offense charged. The court conducted a colloquy in order to determine if a continuance was necessary or proper.

[THE COURT] "Do you have a motion to make at this time?

1. 18 Pa.C.S. § 3701.

MR. OCHS: Yes, I am moving for a continuance in this case for the following reasons: The case was listed for trial, I believe, in January and was brought to trial and a hung jury and mistrial resulted. Subsequent to that trial I attempted to contact some people in Sarasota, Florida, who Mr. Foreman said he had been with at the time when the criminal act was said to have occurred. I received a reply from one of those persons, a Reverend Aubrey Morris, 285A 66th Street, Ocean Marathon, Florida, to the [e]ffect he could identify a picture I had enclosed as the person who was with him at that time.

I telephoned Mr. Morris this morning and I was advised by his wife that although he would like to come to Pennsylvania to testify, they were financially unable to afford such a trip at this time and that she did not believe that the other two persons that her husband had contacted would be able to make such a trip for financial reasons either. So, I would ask that this be continued, that perhaps something in the future could be worked out to enable these persons to come to Pennsylvania.

THE COURT: In other words, Mr. Ochs, you have no assurance from any of your possible witnesses in regard to alibi, that they are in a position to come or would be willing to come to testify, is that correct?

MR. OCHS: That's correct.

THE COURT: This matter, as I understand it, had been tried in January of 1975 and resulted in a mistrial, and is now being called for trial. Is that correct, Mr. Haddad?

MR. HADDAD: That is correct, Your Honor.

THE COURT: What is the position of the district attorney?

MR. HADDAD: Your Honor, the position of the commonwealth is that unless there is some possibility that these witnesses will be forthcoming in the future, I see no reason for the continuance. It would seem to serve no purpose at this time to have the case continued without some assurance that these witnesses will be here at some future time, and I would object to a continuance on that ground.

THE COURT: Are you in a position, Mr. Ochs, to make any assurance at this time that these witnesses will be available at the present time or any future time? If so, we certainly will give careful consideration to your motion for a continuance, but we must have some assurance, otherwise we may be doing a futile thing.

MR. OCHS: I cannot give the Court such an assurance, not from the conversation that I had with Reverend Morris' wife."

■ "A continuance is a matter within the sound discretion of the trial court. *Commonwealth v. Richardson,* 392 Pa. 528, 140 A.2d 828 (1958)." *Commonwealth v. Simpson,* 222 Pa.Super. 296, 299, 294 A.2d 805, 806 (1972). Among the factors to be considered in the exercise of that discretion are the diligence exercised to secure the presence of the witness at trial, *Commonwealth v. Smith,* 442 Pa. 265, 275 A.2d 98 (1971); the likelihood that the witness could be produced at the next term of court, *Commonwealth v. Smith, supra, see also Commonwealth v. Hicks,* 173 Pa.Super. 395, 98 A.2d 478 (1953); and the timeliness of the application for a continuance, *see Commonwealth v. David,* 209 Pa.Super. 169, 225 A.2d 255 (1969).

■ Pa.R.Crim.P. 301, entitled "Continuances," provides:

"(a) The court may, in the interests of justice, grant a continuance, of its own motion, or on the application of either party. The court shall on the record identify the moving party and state of record the court's reasons justifying the granting or denial of the continuance.

(b) An application for continuance on behalf of the defendant shall be made not later than forty-eight (48) hours before the time set for trial. A later application shall be entertained only when the opportunity therefor did not previously exist, or the defendant was not aware of the grounds for the application, or the interests of justice require it."

In the instant case, appellant has provided no explanation for the failure to contact his alleged alibi witnesses until one

day prior to his *second* trial. It cannot reasonably be asserted that the grounds upon which the continuance was sought did not previously exist or were previously unknown. Appellant's counsel was unable to offer the court any assurance whatsoever as to when, if ever, the presence of the witness or witnesses could be secured. Under these circumstances, the court did not abuse its discretion in refusing the requested continuance.

Appellant's second claim is that a mistrial should have been granted when the complaining witness mentioned picking appellant's picture from police files. On cross-examination, defense counsel questioned the witness closely in regard to the description she had given of the robber.

[DEFENSE COUNSEL] "Q. Were there any distinguishing marks on his face?

A. Well, I thought it was a pimple on the right side of his face, which I later found it was a mole. But I thought it was a pimple that the youngsters have.

Q. What do you mean you later found it was a mole?

A. Well, I described the boy as being quite dirty.

Q. Did someone tell you it was a mole?

A. No, no. When I was taken to police headquarters, yeah.

Q. Well, I'm not interested if someone told you something.

A. No, no.

Q. You said you later found—

A. When I picked him out of the files." (NT 10).

Defense counsel then requested a sidebar conference and moved for a mistrial, which the court denied.

A leading case on the topic of testimony in regard to identification from photographs is *Commonwealth v. Allen,* 448 Pa. 177, 292 A.2d 373 (1973). The supreme court there stated the general rule that, before a new trial is required, a review of the record and the particular facts of the case must reveal that the mention of photographs resulted in prejudice to the defendant. It further held that,

"after the reference to a photograph the controlling question is whether or not a juror could reasonably infer from the facts presented that the accused had engaged in prior criminal activity. A mere passing reference to photographs from which a reasonable inference of prior criminal activity cannot properly be drawn does not invalidate the proceedings since there has been no prejudice as a result of the reference . . .." *Commonwealth v. Allen, supra,* 448 Pa. at 181, 292 A.2d at 375.

In *Allen,* the appellant was complaining of references to photographs deliberately elicited by the Commonwealth from five different witnesses. Here, on the other hand, the witness, in attempting to answer a question from defense counsel, made a single remark about identifying appellant from "the files". There were no references to "mug shots" or "police photographs" and, in fact, the word "photographs" was never mentioned in this context. No photographs were displayed, marked, admitted, or otherwise adverted to at trial.

Another important factor in appraising prejudice is whether appellant's counsel solicited the answer of which he complains. *See Commonwealth v. Hill,* 237 Pa.Super. 543, 353 A.2d 870 (1975). Here, defense counsel was attempting either to bring out discrepancies in the description the witness had given of the robber or to imply that the police had indulged in suggestive identification practices in order, in either event, to impair the credibility of the witness' identification of appellant. Even following the answer of "when I was taken to police headquarters," which might have flagged the area of inquiry as precarious, defense counsel continued to probe the subject of appellant's mole. Moreover, the answer given by the witness was not, as defense characterized it at trial, unresponsive. The question from counsel, "You said you later found _ _ _," was apparently directed to either the time that the witness gained knowledge of the actual nature of the mark on appellant's face or the source of that knowledge. The answer given was responsive in terms of both these lines of inquiry.

Finally, in *Commonwealth v. McGonigle,* 228 Pa.Super. 345, 349, 323 A.2d 733, 735 (1974), the court stated: "It is also the rule in Pennsylvania that '[w]here a question is put to a witness which cannot be answered as put, without including in the answer a statement of fact as explanation, complaint cannot be made that the witness added the necessary explanation . . . .' *Commonwealth v. Dalton,* 199 Pa.Super. 388, 393–94, 185 A.2d 653, 656, *allocatur refused,* 200 Pa.Super. [xxxi] (1962) . . . ." In the instant case the witness' statement was an attempt on her part to explain, in reply to defense counsel's query, how she had become aware that the mark on the appellant's countenance was a mole rather than a pimple.

Appellant has not demonstrated, on the basis of this single reference, prejudice such as to justify the grant of a new trial. *See Commonwealth v. Carlos,* 462 Pa. 262, 341 A.2d 71 (1975); *Commonwealth v. Craft,* 455 Pa. 616, 317 A.2d 213 (1974); *Commonwealth v. Wilson,* 238 Pa.Super. 340, 357 A.2d 163 (1976); *Commonwealth v. McGonigle, supra.*

The judgment of sentence of the lower court is affirmed.

HOFFMAN, J., dissents on the basis of *Commonwealth v. Allen,* 448 Pa. 177, 292 A.2d 373 (1973).