405 A.2d 1273

COMMONWEALTH of Pennsylvania

v.

John H. PLATH, Appellant.

Superior Court of Pennsylvania.

Submitted March 12, 1979.

Decided June 13, 1979.

2

Robert B. Evanick, Assistant Public Defender, York, for appellant.

Sheryl A. Dorney, Assistant District Attorney, York, for Commonwealth, appellee.

Before CERCONE, President Judge, and WIEAND and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant was found guilty of theft, 18 Pa.C.S.A. § 3921(a), and sentenced to serve one to three years imprisonment and to pay $100 restitution. On this direct appeal, appellant contends that the evidence was insufficient to convict him of theft and that the lower court erred in refusing to continue the case after his co-defendant, and potential witness, left the courtroom. We find no merit to appellant's contentions and, accordingly, affirm the judgment of sentence.

Viewed in the light most favorable to the Commonwealth, the following evidence was adduced at the joint jury trial of appellant and his co-defendant on August 23, 1976:

At 2:00 a. m. on May 1, 1976, a York police officer saw two males in jeans bend over the registration plate area of a Ford automobile which was parked in an alley. The officer could not see the men's facial features. The officer then saw the two men enter a 1965 Chevrolet parked nearby and drive away. The officer followed the Chevrolet in his unmarked patrol car, keeping the Chevrolet constantly in his sight. After a while the driver of the Chevrolet attempted to evade the officer by speeding up; after running a red light, the Chevrolet crashed into a building. The officer saw

the driver exit the car and apprehended him. In court, the officer identified the driver as appellant. The Chevrolet was later identified as one stolen sometime after 8:00 p. m. on April 30, 1976. The owner testified that he had left his car locked and had not given anyone permission to drive it. Appellant admitted being in the alleyway and in the Chevrolet but denied that he was the driver. He stated that his co-defendant, the other male in the car, was the driver and never told appellant that the car was stolen until the co-defendant began to evade the unmarked police car.

The Crimes Code defines theft of movable property as follows: "A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S.A. § 3921(a).

It is constitutional for the trier of fact to draw a permissible inference of guilty knowledge from the unexplained, or unsatisfactorily explained, possession of recently stolen goods. *Commonwealth v. Williams*, 468 Pa. 357, 362 A.2d 244 (1976). In the instant case, neither appellant nor his co-defendant had the owner's permission to drive the Chevrolet and it had been stolen at most six or seven hours prior to appellant's arrest; clearly such time period was insufficient for the automobile to have been assimilated into the ordinary market channels for automobiles. *Id.* Moreover, the officer identified appellant as the driver of the stolen vehicle. The evidence shows that after the officer followed the Chevrolet for some time in an unmarked car, appellant attempted to evade the officer; when the car crashed into a building, appellant again attempted to flee. As in *Commonwealth v. Murray*, 246 Pa.Super. 422, 428, 371 A.2d 910, 913 (1977), "appellant's conduct at the time immediately preceding his arrest . . . is totally inconsistent with innocent behavior and merely adds weight to the [factfinder's] conclusion that appellant knew the vehicle was stolen." *See Commonwealth v. Phillips*, 258 Pa.Super. 109, 392 A.2d

708 (1978). We conclude, therefore, that the evidence was sufficient to prove all the elements of theft.[1]

Appellant next contends that the lower court erred in refusing to continue the case after his co-defendant left the courtroom. The facts are as follows: After the Commonwealth rested its case, the court sustained both appellant's and co-defendant Sutherland's demurrers to the charge of theft of the Ford license plate.[2] In addition, the court sustained Sutherland's demurrer on the charge of theft of the Chevrolet. At the end of a short recess, the court stated:

"THE COURT: Let the record show that after the Commonwealth rested and the court ruled on the defendants' demurrers, counsel for the defendant Plath indicated that it was his intention to call the defendant Sutherland as witness on behalf of the defendant Plath, that Sutherland had unexpectedly disappeared immediately after the ruling on the demurrer and it is impossible to locate Sutherland. On this basis, counsel for the defendant Plath requested a recess or a deferment of proceedings in the trial to afford him an opportunity to try to locate the defendant Sutherland. We ruled at that time and now state for the record that since we are in the midst of trial, which began on the first day of a two-week trial session which we cannot possibly complete, the press of business makes it impossible for us to defer further proceedings in this trial pending the possible location of the defendant Sutherland and a determination of whether he will or will not in fact voluntarily testify. It is for this reason that we overruled the request of the defendant Plath

1. In his brief, appellant appears to challenge the court's charge on theft as well as the sufficiency of the evidence. Because he never made timely and specific objections to that portion of the charge nor filed specific post-verdict motions on that issue, appellant has waived that portion of his claim. *See Commonwealth v. Blair*, 460 Pa. 31, 33 n. 1, 331 A.2d 213, 214 n. 1 (1975); *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974).

2. The informations charged that appellant and his co-defendant stole the Ford license plate and put it on the Chevrolet. At trial, the Commonwealth offered no evidence that the Ford plates were found on the Chevrolet.

for a suspension or recess of the trial proceedings. We note of record an exception to our ruling on behalf of the defendant Plath." Additional on-the-record statements by Sutherland's attorney indicate that (1) he did not know where his client was and (2) appellant's counsel did not decide to call Sutherland as a witness until after the demurrers were sustained.

We will not reverse a lower court's denial of a continuance to procure a witness absent an abuse of discretion. *Commonwealth v. Andrews*, 245 Pa.Super. 547, 369 A.2d 762 (1977). *See* Pa.R.Crim.P. 301. Factors underlying the exercise of that discretion include whether the witness is necessary or essential to the defense, the facts to which the witness could testify, whether the witness can be procured, and the accused's diligence in attempting to secure the witness' presence. *Commonwealth v. Smith*, 442 Pa. 265, 275 A.2d 98 (1971). When there is no assurance that a witness can be procured, *Commonwealth v. Foreman*, 248 Pa.Super. 369, 375 A.2d 142 (1977), or considerable uncertainty concerning the content of the witness' testimony, *Commonwealth v. Scott*, 469 Pa. 258, 365 A.2d 140 (1976), then denial of a continuance is proper. Moreover, if the potential witness' testimony is merely cumulative or available from another source, then denial is proper. *Commonwealth v. Howard*, 466 Pa. 445, 353 A.2d 438 (1976).

In the instant case, appellant's counsel made no formal offer of proof or other specific notice concerning Sutherland's proposed testimony. *See Howard, supra.* Especially in light of appellant's accusation that Sutherland stole the Chevrolet, we believe that some assurance concerning the content of Sutherland's testimony and his willingness to testify was necessary. Moreover, statements of Sutherland's counsel indicate that the decision to call Sutherland as a witness was made at the last minute. *Compare Smith, supra.* Sutherland's counsel stated that he did not know where Sutherland could be found and appellant's counsel offered the court no assurance that he could be located. Appellant testified that there were two women with Suther-

land and him in the Chevrolet that night; he further testified that one of the women was "in the Job Corps right now" and that "[t]he girl that was with me was just here." No adequate explanation was given concerning either their failure to testify, the diligence with which appellant sought their presence, or the extent to which Sutherland's testimony would differ from theirs. *See Howard, supra.* In light of all of the above factors, we find that the lower court did not abuse its discretion in denying appellant's request for a continuance.

Judgment of sentence affirmed.