436 A.2d 239
**COMMONWEALTH of Pennsylvania**

v.

**Charles RITCHIE, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 12, 1979.

Filed Oct. 23, 1981.

524

Dennis V. Williams, Assistant Public Defender, Erie, for appellant.

Frank J. Scutella, Assistant District Attorney, Erie, submitted a brief on behalf of Commonwealth, appellee.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

PER CURIAM:

Following a jury trial, appellant was convicted of robbery. The trial court subsequently denied appellant's post-verdict motions and imposed sentence. No direct appeal was taken. Thereafter, appellant filed a petition pursuant to the Post Conviction Hearing Act (PCHA).[1] After a hearing, the post-conviction court concluded that appellant had been denied his right to appeal from judgment of sentence and granted him permission to file this appeal nunc pro tunc.

Appellant contends first that the trial court abused its discretion in refusing to grant a continuance which his trial counsel had requested on January 19, 1976, the scheduled trial date. Trial counsel sought the continuance in order to secure the presence of four witnesses who resided in Mississippi. Counsel believed that those witnesses would testify that at the time the robbery was committed appellant was with them in Mississippi. He stated also that he had just learned that they would not attend appellant's trial because one of them, appellant's grandmother, was seriously ill. In

---

1. Act of January 25, 1966, P.L. (1965) 1580, § 1 et seq.; 19 P.S. § 1180–1 et seq.

response to the trial judge's questioning, counsel stated that he had not attempted to verify that the grandmother was in fact ill. Counsel acknowledged that during the May, 1975 and September, 1975 court terms, appellant's previous counsel had been granted continuances to enable him to attempt to secure the testimony of the same witnesses.[2] Counsel stated also that he could not assure the court "that [the witnesses] would be present if the trial [were] put off until the month of February . . . ."

" 'It is well settled that the grant of a continuance rests within the sound discretion of the trial court and that the decision to deny the continuance will not be reversed unless a clear abuse of discretion is shown.' " *Commonwealth v. Waters*, 276 Pa.Super. 584, 591, 419 A.2d 612, 615 (1980) (quoting *Commonwealth v. Hughes*, 264 Pa.Super. 118, 126, 399 A.2d 694, 698 (1979)). "When there is no assurance that a witness can be procured, . . . then denial of a continuance is proper." *Commonwealth v. Plath*, 267 Pa.Super. 1, 6, 405 A.2d 1273, 1275 (1979) (citing *Commonwealth v. Foreman*, 248 Pa.Super. 369, 375 A.2d 142 (1977)).

In the instant case, we conclude that the trial court did not abuse its discretion in refusing to grant a continuance. Despite the granting of two previous continuances, appellant's counsel had been unable to secure the witnesses' presence. Additionally, trial counsel was unable to assure the trial judge that he could procure the witnesses if a continuance were granted. Under these circumstances, we decline to reverse the trial court's refusal to grant a continuance.

Alternatively, appellant contends that his trial counsel was ineffective for failing to act diligently to secure the presence of the witnesses. "[C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604,

---

2. Additionally, counsel stated that during the last term of court he had unsuccessfully sought a continuance on the same ground.

235 A.2d 349, 352 (1967) (emphasis in original). If we cannot determine from the record whether counsel had a reasonable basis for not pursuing a claim, we must remand for an evidentiary hearing on that issue. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977); *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975).

■ We are unable to determine on the present record whether trial counsel was ineffective. In arguing that the record supports a finding that trial counsel was effective, the Commonwealth cites counsel's statements to the trial court in support of his request for a continuance. Because appellant has not had an opportunity to cross-examine trial counsel and to present evidence in support of his ineffectiveness claim, however, we cannot rely upon counsel's statements to find that he was effective. On the other hand, we cannot find counsel ineffective because we do not know whether the witnesses would have been available to testify at appellant's trial had counsel exerted a greater effort to secure their presence. Consequently, we must remand this case for an evidentiary hearing on this issue. If, following the hearing, the court determines that appellant was denied effective assistance of counsel, it shall enter an order granting appropriate relief. If, on the other hand, the court determines that appellant received effective assistance of counsel, it shall reinstate judgment of sentence. Either party aggrieved by the court's decision may take a new appeal to this Court, as provided by law.[3]

Judgment of sentence vacated and case remanded for proceedings in accordance with this opinion.

SPAETH, J., files a concurring and dissenting opinion.

---

**3.** Appellant contends also that (1) the trial court abused its discretion in not sustaining his challenge for cause of two prospective jurors; (2) the trial court abused its discretion in recessing after closing arguments of counsel until the following morning; (3) trial counsel was ineffective for failing to object to testimony that the police had shown appellant's photograph to the victim; and (4) after-discovered evidence warrants the grant of a new trial. We have thoroughly reviewed each of these contentions and conclude that they are without merit.

SPAETH, Judge, concurring and dissenting:

I agree with the majority that we must remand this case for an evidentiary hearing on whether trial counsel was ineffective in failing to secure the presence of certain witnesses. I am unable, however, to join in footnote 3 of the majority's opinion, in which the majority summarily rejects as without merit appellant's other contentions. I believe that before we may make such a decision we need to know the basis of the lower court's rulings. Here we do not know that basis because the lower court has not supplied us with an opinion. I should therefore remand the matter to the lower court and order it "forthwith [to] file of record at least a brief statement, in the form of an opinion, of the reasons for the order, or for the rulings or other matters complained of, or [to] specify in writing the place in the record where such reasons may be found." Pa.R.A.P. 1925(a).