474 A.2d 324

**COMMONWEALTH of Pennsylvania**

v.

**Charles T. RITCHIE, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 7, 1984.

Filed April 6, 1984.

448

Carmela Presogna, Erie, for appellant.

Shad Connelly, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before BROSKY, OLSZEWSKI and JOHNSON, JJ.

JOHNSON, Judge:

In January 1976, appellant Charles Ritchie was convicted by a jury of robbery and sentenced to a term of imprisonment of five to ten years. Following a hearing under the Post Conviction Hearing Act (PCHA),[1] appellant brought an appeal nunc pro tunc from the judgment of sentence. This court vacated judgment and remanded for an evidentiary hearing on trial counsel's diligence in securing the presence of alibi witnesses. *Commonwealth v. Ritchie*, 291 Pa.Super. 523, 436 A.2d 239 (1981).

Now before us is the appeal from the order of March 3, 1982 reinstating the judgment of sentence, following an evidentiary hearing.

The sole question presented is whether trial counsel provided ineffective assistance in utilizing certified mail to secure the presence of out-of-state witnesses, related to the defendant, without attempting to establish further contact with the potential witnesses by telephone or other means. On the record before us, we have no difficulty in finding counsel's stewardship reasonable. Hence, we affirm.

Appellant was arrested on February 26, 1975 for the robbery of an Erie County motel. On May 8, 1975, a pro se Application to Continue was filed, requesting that his trial be continued from the May, 1975 Term of Criminal Court to the September Term on the basis that "witnesses who are presently in Mississippi" were "necessary for his presentation of a defense" and that the witnesses "[would] be able to be present for the September Term." Although the record does not contain any order entered on the Application,[2] it is clear that a continuance was granted, inasmuch as trial did not take place until January 1976.

The first entry of appearance of counsel was by the Public Defender's Office on March 13, 1975. On September

1. Act of January 26, 1966, P.L. 1580 (1965), § 1 et seq. 19 P.S. § 1180–1 et seq., repealed and reenacted by Act of May 13, 1982, P.L. 417, No. 122, § 3, immed. eff. 42 Pa.C.S. § 9541 et seq.

2. An order setting a hearing date on the Application was entered May 8, 1975.

15, 1975, the second of two assistant public defenders who represented appellant secured a second continuance based upon counsel's having been just appointed and needing time to prepare an adequate defense. Then, on October 29, 1975, the public defender(s) were replaced by private counsel whose stewardship is here under review.[3]

From the P.C.H.A. hearing transcript, we note that trial counsel had first been engaged by appellant's father prior to counsel interviewing appellant at the Erie County Jail. A Motion for Continuance, citing the need for additional time to adequately prepare the case for the defense, and to permit contact with "witnesses crucial to the defense" was submitted by trial counsel and refused on October 30, 1975.[4]

When counsel interviewed appellant at the jail in preparation for trial, he was provided with the names and addresses of three witnesses whom appellant believed could provide an alibi defense. All of these witnesses were residents of D'Lo, Mississippi and related to the appellant through his mother. They were Effie Jackson, his grandmother; John "Spence" McGee, his step-grandfather; and Ruth Griffin, his aunt. All three witnesses lived in the same household in D'Lo.

On November 3, 1975, trial counsel mailed letters, with subpoenas enclosed, to each of the three Mississippi witnesses, with return receipt requested. The letter set forth:

"Of course I cannot force you to obey the subpoena since you are a resident of Mississippi, but it is essential for you to appear in Court on November 17, 1975, to help [appellant]. Thank you for your consideration of this matter.

Yours truly,

[trial counsel]."

**3.** In presenting his Petition to Withdraw as Counsel, the successor public defender averred that appellant had fired the first public defender during the September Term of Criminal Court.

**4.** Although it is not clear from this record, it appears that appellant Charles Ritchie was, in fact, tried on a separate robbery charge sometime in November or December 1975.

The return receipts introduced at the evidentiary hearing on remand confirm that the notices of the November 17th trial were received by the three witnesses on either November 7th or 8th.

In January, trial counsel again wrote to the Mississippi witnesses by certified mail to request their attendance at the trial scheduled for January 19, 1976. These notices were received by each of the three witnesses on January 9, 1976. Trial counsel thereafter received a letter postmarked January 12, 1976 at Smithdale, Mississippi, from Ruth Griffin indicating her inability to come to Erie and further stating that Effie Jackson, the writer's mother, was under the care of a doctor and unable to make such a trip.

As this court noted on review of the direct appeal from judgment of sentence, trial counsel sought a further continuance at the beginning of trial on January 19, 1976, bringing to the trial court's attention that the Mississippi witnesses were not available and that their testimony was a necessary part of appellant's alibi defense. That motion was refused. The trial court did not abuse its discretion in refusing to grant the continuance. *Commonwealth v. Ritchie*, 291 Pa.Super. at 526, 436 A.2d at 241.

On this appeal, appellant argues that trial counsel's efforts in seeking the attendance of appellant's Mississippi relatives were insufficient to constitute effective assistance of counsel. He urges that at least one of the witnesses could neither read nor write and that counsel was somehow derelict in his duty by not having attempted to establish contact with the Mississippi witnesses by telephone. We reject this argument.

To examine a claim of ineffectiveness a two-step analysis is used:

The Court must first determine whether the issue underlying the charge of ineffectiveness is of arguable merit. *Commonwealth v. Sherard*, 483 Pa. 183, 394 A.2d 971 (1978). If the underlying issue is found to be of arguable merit, our inquiry shifts to a determination of whether

the course chosen by counsel had some reasonable basis aimed at promoting his client's interests. *Commonwealth v. Evans*, 489 Pa. 85, 413 A.2d 1025, 1028 (1980); *Commonwealth v. Sherard*, supra.

*Commonwealth v. Jennings*, 285 Pa.Super. 295, 298–9, 427 A.2d 231, 232 (1981).

*Commonwealth v. Golson*, 310 Pa.Super. 532, 535, 456 A.2d 1063, 1065 (1983).

■ We have no difficulty in determining that the underlying issue, involving the right to present alibi testimony through third-party witnesses, is of arguable merit.[5] We therefore can proceed directly to determining whether counsel's course of action had some reasonable basis aimed at promoting his client's interests.

Unlike the standard ineffectiveness claim, where counsel is charged with having done, or having failed to do, a specific and complete procedure or act, here counsel is charged with (a) having employed a procedure not fashioned to the peculiar characteristics of the witnesses sought to be summoned, and (b) having failed to exhaust all possible means of communicating directly with those witnesses.

■ As to the argument that counsel may have been ineffective to the extent that the recipients of the trial notice were illiterate, this is totally without merit. All three of the witnesses resided in a common household, and one of the witnesses sent a return letter to trial counsel one week before trial stating her inability to travel to Erie and setting forth the incapacity of another witness. Appellant himself testified at the hearing on remand that Ruth Griffin, one of the witnesses contacted, had attended college and could read and write. To suggest that she would not be in communication with her own mother and stepfather, with

---

5. We do not reach appellant's failure to comply with the mandatory requirements of Pa.R.Crim.P. 305 C(1)(a) involving Notice of Alibi Defense, since this issue was never raised at trial. The closest that appellant may have come to providing such notice was in his *pro se* Application to Continue, filed May 8, 1975, where he averred the necessity of the Mississippi witnesses "without divulging any defenses in said matter."

whom she resided, about the impending trial of their nephew and grandson respectively, is not worthy of further consideration.

■ Appellant alternatively urges on this court that the failure to couple telephone contacts with the written requests to attend trial should cause us to find trial counsel ineffective. This we decline to do.

> In evaluating ineffectiveness of counsel claims, we do not employ hindsight to determine whether other alternatives seem more reasonable than the course of action chosen by counsel. Our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the course of action taken by counsel had some reasonable basis designed to effectuate his client's interests. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967). Ergo, only where counsel's course of action was in no way reasonably designed to further his client's interests, may we find that counsel was ineffective.

*Commonwealth v. Boyd,* 315 Pa.Super. 308, 312, 461 A.2d 1294, 1297 (1983); *see also Commonwealth v. McCaskill,* 321 Pa.Super. 266, 468 A.2d 472 (1983).

At trial, appellant's father testified to having had contact with the Mississippi household prior to appellant's arrest on this robbery charge. At the evidentiary hearing, appellant's mother testified to the "long telephone bill" showing the number of calls she had been getting from Mississippi prior to her son's trial. Where, as here, the lines of communication between the defendant, his family and the potential witnesses is so clear, involving the mother, father, grandmother, stepgrandfather and aunt of the defendant, we refuse to find that counsel's failure to augment written notice of trial with telephone contacts to out-of-state close relatives constitutes ineffectiveness.

■ We do not suggest that trial counsel may transfer his responsibilities of diligence and thoroughness to his client's family, and ignore reasonable efforts to secure

witnesses in his client's behalf. Here, appellant had undergone a separate trial on another robbery within two months of the trial here involved. The defense involved the same strategy, and the Mississippi witnesses were not available for that trial. The evidentiary hearing disclosed no evidence that the missing witnesses were in any way misled as to what counsel was seeking on their relative's behalf. It is clear from the record that several continuances were sought and obtained in hopes of securing the attendance of the out-of-state witnesses.

Appellant does not suggest, nor can we perceive, any reason why telephone contact by trial counsel to appellant's grandmother, aunt or step-grandfather would have increased the likelihood of securing their attendance. While there is no direct testimony on the record from any of the missing witnesses, we will assume for purposes of this appeal that, had they journeyed to Erie for trial, they would have been prepared to testify that appellant was in Mississippi at all times material to this criminal charge.

■ But that likelihood in no way changes the degree of diligence expected of counsel in advancing his client's interest. Our review of both the trial and evidentiary hearing record persuades us that counsel's stewardship on the issue of securing witnesses on behalf of defendant more than meets the standard of reasonableness.

Trial counsel received the names and addresses of the alibi witnesses from the appellant. On two separate occasions, notice was, in fact, received by each of the witnesses as to the need for their attendance at appellant's trial. Both the father and mother of appellant were fully aware of his plight and had contact with the other members of appellant's family residing in Mississippi.

■ We recognize that the responsibilities of a lawyer may vary according to the intelligence, experience, mental condition or age of a client and/or his family. We find nothing on the record before us, however, to support the proposition that counsel's efforts, in seeking to secure mem-

bers of this appellant's family as witnesses at trial, were in any manner deficient. Counsel's action had a clear reasonable basis designed to effectuate his client's interests. We decline to employ hindsight to determine whether supplementary telephone contact *may* have been more reasonable as an addition to the steps promptly taken by trial counsel.

The trial court was correct in reinstating the judgment of sentence. Affirmed.