**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Gary E. PRISK, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 12, 1999.

Filed Dec. 31, 1999.

David Crowley, Bellefonte, for appellant.

Mark S. Smith, Asst. Dist. Atty., Bellefonte, for Com., appellee.

Before POPOVICH, MUSMANNO and BROSKY, JJ.

BROSKY, J.

¶ 1 Gary E. Prisk appeals from the trial court's order denying his petition for post conviction relief pursuant to 42 Pa.C.S. §§ 9541 *et seq.* Because we agree with Appellant that his trial counsel was ineffective, we reverse and remand for a new trial.

¶ 2 Appellant was arrested in the state of Idaho in August 1994, was returned to Pennsylvania, and was charged with several counts of burglary and other theft-related offenses. These crimes allegedly occurred during three separate incidents in Centre County between February 1993 and August 1994. Appellant was thereafter tried on unrelated charges of rape in February 1995, and was acquitted. He was represented by the same defense counsel in his trial on the instant offenses, which began on May 16, 1995, a Tuesday.

¶ 3 At some time prior to the beginning of the May 1995 trial, Appellant told his counsel that he had a list of potential alibi witnesses who could testify that Appellant was in Idaho at the time that some or all of the theft offenses were committed. The extent of the information given to counsel about these witnesses is unclear on the record. However, counsel was aware that Appellant's family was attempting to locate these witnesses to appear for his trial.[1] On the Thursday or Friday before the theft trial was to begin, Appellant's counsel learned two things: first, that Appellant's family had succeeded in arranging for his Idaho landlady to travel to Centre County to provide alibi testimony in his defense; and second, that Appellant's sister had located telephone records which indicated that Appellant had called her collect from Idaho around the date of two of the alleged thefts. Appellant's counsel spoke with the landlady over the weekend, and on Monday (the day before Appellant's trial), his counsel served a notice of alibi defense on the Commonwealth.

¶ 4 On the morning of Appellant's trial, the Commonwealth presented a motion for sanctions pursuant to Pa.R.Crim.P. 305, based on Appellant's failure to give thirty days notice of the intended alibi defense. No continuance was sought by the Commonwealth. The trial court summarily denied the motion for sanctions on the record, and opening statements began. During the defense opening statement, Appellant's counsel told the jury that he would be presenting alibi witnesses. Counsel also told the jury the following:

> There have been other charges, there were other charges that were brought against Gary Prisk in the summer and late fall of 1993. Those charges involved some sex crimes which were alleged to have occurred in June of 1993. In December of 1993 immediately before his arrest the testimony is going to show that he disappeared from this area, he ran, and the testimony is going to show that he was recaptured...in St. George, Utah.... I am not going to tell you what the outcome is...the fact that there were other crimes charged against him and the fact that he went through a trial previously in March, whatever, the outcome of that trial was is not relevant[.]

Trial Transcript at 17–18. The jury was never told that Appellant was acquitted of these sex offenses, and Appellant acknowledged during his testimony on direct examination that he had been charged with

---

1. It has been noted by this Court that trial counsel may not transfer his or her responsibilities of diligence and thoroughness in preparing for trial to his client's family. *See Commonwealth v. Ritchie*, 326 Pa.Super. 447, 474 A.2d 324 (1984). In light of our disposition of this case, however, we do not reach the issue of whether trial counsel was ineffective for failing to investigate and locate potential alibi witnesses.

sex crimes. No cautionary instruction was requested by counsel nor given by the court with respect to these crimes at any time during Appellant's trial.

¶ 5 After the Commonwealth rested, the assistant district attorney renewed her objection to the alibi witnesses and to the telephone records. The trial court overruled the objection and again denied the motion for sanctions, and the defense proceeded to present its case. After several defense witnesses had testified, a recess was taken, at which time the trial court indicated that it wished to once again address the motions for sanctions. The trial court at that time reversed its own ruling, and precluded Appellant from presenting the landlady as an alibi witness, and additionally prevented him from asking the sister about the telephone calls from Idaho. The trial court based its ruling on Appellant's failure to notify anyone, including his counsel, about a potential alibi, until the eve of trial. See Pa.R.Crim.P. 305. Thus the only alibi evidence presented was Appellant's own testimony that he was not present in Pennsylvania when the thefts occurred.

¶ 6 Not surprisingly, the jury convicted Appellant of all charges at the conclusion of his one day trial. He was sentenced on July 10, 1995 to an aggregate term of imprisonment of nine to eighteen years. Trial counsel filed timely post-sentence motions, which were not denied until August 5, 1996. No direct appeal from judgment of sentence was ever filed.

¶ 7 In the present PCRA petition, Appellant alleges ineffective assistance of counsel with respect to the following: (1) failure to file a direct appeal; (2) failure to investigate an alibi defense and to give timely notice to the Commonwealth of such evidence; and (3) informing the jury that Appellant had been tried on charges involving sex crimes. Appellant also alleges that the trial court abused its discretion in precluding him from presenting his alibi witnesses, which we shall address in the context of ineffective assistance of counsel for failure to file a direct appeal.[2]

¶ 8 In order to prevail in a PCRA proceeding on a claim of ineffectiveness of counsel, the petitioner must establish that (1) the underlying claim has arguable merit; (2) counsel's strategy had no reasonable basis; and (3) there has been prejudice such that the outcome of the proceedings would have been different if counsel had not been ineffective. *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326 (1999); *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987). A petitioner is entitled to PCRA relief if he establishes that ineffectiveness of counsel "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). We shall begin with Appellant's argument that his trial counsel was ineffective for failing to file a direct appeal.[3]

¶ 9 At the evidentiary hearing on the PCRA petition, trial counsel testified that he did discuss filing an appeal with Appellant. However, at some point after counsel filed the post-sentence motion, he sent a letter to either Appellant or his family stating that he could not continue in the case unless a portion of his bill was paid. Counsel was unable to locate a copy of this

2. It must also be noted that the Commonwealth has not filed a brief in this case.

3. We note that several recent cases have been filed by our Supreme Court and this Court addressing the question of an appellant's right to pursue, in a PCRA petition, ineffective assistance of counsel for failure to file a direct appeal. *Commonwealth v. Lantzy*, 558 Pa. 214, 736 A.2d 564 (1999); *Commonwealth v. Harmon*, 738 A.2d 1023 (Pa.Super.1999); *Commonwealth v. Daniels*, 737 A.2d 303 (Pa.Super.1999). An evidentiary hearing is normally necessary, and subsequent reinstatement of appellate rights may be made where there has been an unjustified failure of counsel to perfect a direct appeal. *Lantzy; Daniels*. As an evidentiary hearing has been held on all issues raised in the present case, and in light of our disposition, we conclude that no purpose would be served by, and we find no need for, a remand to the PCRA court.

letter, and stated that he never heard from either Appellant or the family thereafter. Counsel also did not recall whether he gave Appellant notice of the denial of the post-sentence motion. Appellant, on the other hand, testified that he never received either the letter or notice of the denial of the post-sentence motion, and in fact believed that an appeal had been filed on his behalf. It was not until he inquired of our Prothonotary about the status of his appeal that he learned one had never been filed.

¶ 10 The trial court did not resolve the conflict in the testimony, but concluded that because Appellant was informed of his appeal rights at the time of his sentence in June 1995, counsel was not ineffective for failing to pursue an appeal. We do not agree. At Appellant's sentencing hearing, he was properly advised by the trial court that he had the right to file an optional post-sentence motion prior to filing an appeal. This motion was initially filed by his counsel on July 20, 1995, and the trial court on November 16, 1995 granted the request of Appellant's trial counsel for an extension of time to amend that motion.[4] *See* Pa.R.Crim.P. 1410(b)(3). Despite the fact that Appellant filed a *pro se* motion for copies of his file on June 19, 1996, no copy of the August 5, 1996 order denying the post-sentence motion was given directly to Appellant. As such, Appellant could not be expected to ascertain the date his appeal period began to run, even assuming he could correctly recall, one year later, his appeal rights as told to him in June 1995. The testimony is clear that Appellant and his counsel discussed the filing of a direct appeal, and that none was ever filed. We conclude that Appellant was unjustifiably denied his right to a direct appeal and was thereby rendered ineffective assistance of counsel.

¶ 11 As a result, Appellant was prevented from challenging the trial court's discretion in denying his alibi defense. Appellant's trial counsel had already raised the issue of whether the trial court abused its discretion in a post-sentence motion, and that same claim would have been preserved on direct appeal.[5] The trial court initially denied the Commonwealth's motion for sanctions prior to opening statements. In reliance thereon, trial counsel told the jury in his opening statement that he would be presenting alibi witnesses. The trial court denied the Commonwealth's motion a second time after the Commonwealth rested. When during presentation of the defense case the trial court reversed its decision and precluded that alibi evidence, Appellant lost the opportunity to corroborate his testimony. The jury was expecting to hear alibi evidence from witnesses other than Appellant, and that testimony was not forthcoming.

¶ 12 Additionally, this jury had already been told at the outset of the trial that Appellant had been recently tried on charges involving sex crimes and that he had fled from the Commonwealth to avoid those charges. The outcome of that trial was never made known to the jurors, and in fact this jury was told that they could not be told whether Appellant was found guilty or not guilty. An inference of guilt of those crimes could easily be derived from his admitted flight, and the unquestionable assumption to be made is that he had committed and was convicted of repugnant crimes. Trial counsel testified that his tactic in informing the jury of the other crimes was to rebut the inference of flight as evidencing guilt of the burglary charges, but certainly this strategy could

---

4. The certified record does not contain any such amendment.

5. The imposition of sanctions for a defense violation of Pa.R.Crim.P. 305 is a matter normally within the discretion of the trial court. *Commonwealth v. Zimmerman*, 391 Pa.Super. 569, 571 A.2d 1062 (1990), *appeal denied*, 529 Pa. 633, 600 A.2d 953 (1991). Thus this court's standard of review of the sanction imposed is whether the trial court abused that discretion. *Id.*

have been used without revealing the nature of the other crimes charged. To say that society looks upon persons accused of sexual offenses with disfavor is an understatement. We can discern no reasonable strategy for counsel's detailing any specifics of this type of unrelated crime. As our Supreme Court explained in *Commonwealth v. Claypool*, 508 Pa. 198, 495 A.2d 176, 179 (1985):

> Although we have determined that evidence of prior criminal acts which the defendant himself makes relevant to prove the crimes with which he is charged is admissible, we are still mindful of the potential for misunderstanding on the part of the jury when this type of evidence is admitted. Therefore, such evidence must be accompanied by a cautionary instruction which fully and carefully explains to the jury the limited purpose for which that evidence has been admitted.

As previously stated, no cautionary instruction was given to the jury of the limited purpose for which evidence of the other crimes may have been relevant. The effect here is that this jury was given the impression that Appellant was an accused sex offender who had likely been convicted of those crimes just a few months prior to the trial on which they served. This impression undoubtedly prejudiced the jurors against Appellant.

¶ 13 Based on the foregoing, we conclude that trial counsel's references to Appellant's sex offenses, coupled with the defense's inability to present or explain the absence of the promised alibi witnesses, had a clear and obvious result of bias against Appellant. We agree with Appellant that trial counsel was ineffective for failing to perfect Appellant's appeal, preventing him from challenging the trial court's discretion in precluding the alibi witnesses, and was also ineffective for informing the jury of the specifics of Appellant's prior sexual offense charges. As such, we are satisfied that Appellant has established the ineffective assistance of counsel which so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place.

¶ 14 The order denying Appellant PCRA relief must be reversed, and Appellant must be granted a new trial.

¶ 15 Order reversed, and case remanded for proceedings consistent with this decision. Jurisdiction relinquished.