J-A01039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ATHANASIOS THEODOROPOULOS | |
| Appellant | No. 709 EDA 2015 |

Appeal from the Judgment of Sentence January 6, 2015
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0002822-2013

BEFORE: LAZARUS, J., OTT, J., and STEVENS, P.J.E.*

MEMORANDUM BY LAZARUS, J.:                    **FILED MARCH 02, 2016**

Athanasios Theodoropoulos appeals from the judgment of sentence imposed by the Court of Common Pleas of Monroe County after he pled guilty to unlawful contact with a minor.[1] After careful review, we affirm.

The underlying facts are as follows. Theodoropoulos, who was 21 years old, met the 13-year- old victim on Facebook. At his request, she sent photographs of her breasts and vagina to Theodoropoulos, and they arranged to meet in the early morning hours of June 6, 2013, in a parking lot near the victim's house. Theodoropoulos arrived in a vehicle along with a male juvenile. After the juvenile exited the vehicle, Theodoropoulos and the victim engaged in intercourse in the back seat. When they finished, the

_____

[1] 18 Pa.C.S. § 6318(a)(1).

*Former Justice specially assigned to the Superior Court.

juvenile and the victim also had sexual relations in the vehicle. The victim then walked home.

Theodoropoulos and the victim continued to communicate on Facebook. On June 20, 2013, Theodoropoulos again contacted the victim to see if she was interested in engaging in sex with him and the juvenile. She told him that her father caught her coming home after the first encounter. Shortly thereafter, Theodoropoulos deleted his Facebook profile.

After the victim told her sister and mother what happened, they contacted police, who arrested Theodoropoulos on September 9, 2013.

Theodoropoulos pled guilty to one count of unlawful contact with a minor on March 27, 2014. However, at his request, the court entered an order on June 16, 2014, withdrawing Theodoropoulos' guilty plea.

Theodoropoulos again pled guilty on August 27, 2014. The court scheduled sentencing for October 23, 2014, and directed the Sexual Offenders Assessment Board to conduct an evaluation to determine if Theodoropoulos was a sexually violent predator (SVP).

At the request of the Commonwealth, the court continued sentencing to December 15, 2014, because the Board had not completed its report by the original sentencing date. On December 9, 2014, counsel for Theodoropoulos filed a motion for continuance noting that counsel was attached for trial in Wyoming County that day, and that Theodoropoulos' expert witness, Timothy P. Foley, Ph.D., was not available to testify on December 15, 2014. The court continued sentencing until January 6, 2015.

On December 20, 2014, Theodoropoulos' counsel filed a motion for continuance because he was attached for trial in Luzerne County. The trial court denied the motion on December 30, 2014.

At the beginning of the sentencing hearing on January 6, 2015, counsel for Theodoropoulos requested a continuance because Dr. Foley was unable to be present to testify. The court asked counsel if Dr. Foley was going to testify to anything that was not in the report. Counsel replied, "[p]robably not." N.T. Sentencing, 1/6/15, at 4. The Commonwealth indicated that it did not object to admission of the report. The court called a recess, read the report and denied the motion for continuance.

At the hearing, the Commonwealth argued in favor of the Court following the recommendation of the pre-sentence investigation report that Theodoropoulos serve a sentence of 22 to 60 months' incarceration. Defense counsel argued that the recommendation was harsh, citing, among other factors, that the Board had determined that Theodoropoulos is not a sexually violent predator. Nevertheless, at the conclusion of the proceedings, the court imposed a 22 to 60 month sentence.

On January 6, 2015, Theodoropoulos signed a Notification of Megan's Law Sex Offender Registration Duties form acknowledging that he has been classified as a Tier 2 offender with a 25-year registration period.

Theodoropoulos filed a timely post-sentence motion seeking reconsideration of sentence. At the conclusion of oral argument on February 17, 2015, the court denied the motion.

Theodoropoulos filed a notice of appeal on March 9, 2015, and on April 1, 2015, in response to an order from the trial court, he filed a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The court filed its Rule 1925(a) opinion on June 2, 2015. On appeal to this Court, Theodoropoulos raises the following issues for our review:

1. Whether the lower court's denial of [Theodoropoulos'] continuance motion to allow for the in-court testimony of his expert witness at his sentencing hearing constituted a violation of [Theodoropoulos'] right to counsel under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution.

2. Whether the lower Court abused its discretion in denying [Theodoropoulos'] continuance motion to allow for the in-court testimony of his expert witness at his sentencing hearing.

3. Whether the lower court erred in failing to consider the many factors which are required for the court to weigh before ruling on [Theodoropoulos'] motion for a continuance to allow for the in-court testimony of his expert witness at his sentencing hearing.

4. Did the lower court err in assessing [Theodoropoulos] with a prior record score of one (1) as a result of a past, unrelated juvenile offense?

5. Did the lower court err in increasing [Theodoropoulos'] sentence of incarceration by placing him in the aggravated range under the sentencing guidelines?

6. Considering the Sentencing Code as a whole, was the lower court's deviation from the sentencing guidelines unreasonable and excessive?

Appellant's Brief, at 4-5.

Theodoropoulos first argues that the trial court's denial of his motion for a continuance violated his right to counsel under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution. "As this is an issue involving a constitutional right, it is a question of law; thus our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Baldwin**, 58 A.3d 754, 762 (Pa. 2012).

In his Rule 1925(b) statement of errors complained of on appeal, the sole issue regarding expert witness testimony raised by Theodoropoulos is: "The court erred in refusing to permit the Defendant's expert witness, Dr. Timothy P. Foley, to testify at the time of sentencing, thereby violating the Defendant's due process rights." Statement of Errors Complained of on Appeal, 4/1/15, at 2. Because Theodoropoulos did not raise a challenge implicating the right to counsel in his Rule 1925(b) statement, the issue is deemed waived. **Commonwealth v. Castillo**, 888 A.2d 775 (Pa. 2005).

However, because the main case that Theodoropoulos relies upon for his right to counsel argument focuses on due process concerns, we will consider the continuance issue on that basis, which Theodoropoulos properly preserved in his Rule 1925(b) statement. **See Ungar v. Sarafite**, 376 U.S.

575, 589 (1964) ("[]there are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process.").[2]

This Court has stated the following with respect to such claims:

The matter of granting or denying a continuance is within the discretion of the trial court. *See Ungar v. Sarafite*, 376 U.S. 575, 589 (1964). The Court in *Morris* [*v. Slappy*, 461 U.S. 1, 11, (1983)] observed that

[t]rial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons.

*Id.*

Accordingly, a trial court exceeds its constitutional authority only when it exercises its discretion to deny a continuance on the basis of "an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay. . . ." *Id.*, at 11–12, (internal citation and quotation marks omitted). To determine whether a constitutional violation occurred, we must examine the circumstances present in the case, especially the reasons presented to the trial court for requesting the continuance. *See Ungar*, 376 U.S. at 589.

*Commonwealth v. Sandusky*, 77 A.3d 663, 671-72 (Pa. Super. 2013).

"Discretion is abused when the course pursued [by the trial court] represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will." *Coker v. S.M. Flickinger Co.*, 625 A.2d 1181, 1185 (Pa. 1993).

---

[2] Theodoropoulos' second and third issues are subsumed in this discussion.

With respect to the basis for a continuance sought in this case, our Court has stated:

> We will not reverse a lower court's denial of a continuance to procure a witness absent an abuse of discretion. Factors underlying the exercise of that discretion include whether the witness is necessary or essential to the defense, the facts to which the witness could testify, whether the witness can be procured, and the accused's diligence in attempting to secure the witness' presence. When there is no assurance that a witness can be procured, or considerable uncertainty concerning the content of the witness' testimony, then denial of a continuance is proper. Moreover, if the potential witness' testimony is merely cumulative or available from another source, then denial is proper.

*Commonwealth v. Plath*, 405 A.2d 1273, 1275 (Pa. Super. 1979) (citations omitted).

Here, the trial court continued the sentencing hearing twice, once at the request of the Commonwealth and once at the request of Theodoropoulos. At sentencing, after counsel requested an additional continuance to allow Dr. Foley to participate, the court inquired whether the witness would "offer anything that's not in his report," to which counsel replied "probably not." N.T. Sentencing Hearing, 1/6/15, at 3-4. After the Commonwealth indicated that it did not object to counsel presenting the report, the court took a recess so that it could review the report.

At the completion of testimony, the trial court imposed sentence, specifically noting that it had "read Dr. Foley's report." *Id.* at 18. As counsel recognized at the sentencing hearing, Dr. Foley's testimony would have been cumulative of his expert report. Because the court admitted,

read and considered the report, Theodoropoulos has not met his burden of establishing that the court denied him due process or abused its discretion in denying the request for an additional continuance.

Theodoropoulos' remaining issues involve challenges to the discretionary aspect of his sentence, which are not appealable as of right. Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by satisfying a four-part test. **Commonwealth v. Prisk**, 13 A.3d 526 (Pa. Super. 2011).

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

**Id.** at 532, citing **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006).

Here, Theodoropoulos filed a timely notice of appeal, and has preserved his claims by raising them in his post-sentence motion. However, he has not included in his brief a concise statement pursuant to Pa.R.A.P. 2119(f), setting forth the reasons relied upon for allowance of appeal with respect to the discretionary aspect of his sentence. Nevertheless, because the Commonwealth has not objected to this violation of the Rules of Appellate Procedure, we may review the claims. **Commonwealth v. Shugars**, 895 A.2d 1270, 1274 (Pa. Super. 2006).

Judicial review of the discretionary aspects of a sentence is granted only upon a showing that there is a substantial question that the sentence was inappropriate and contrary to the fundamental norms underlying the Sentencing Code. *Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa. 1987). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision in the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Brown*, 741 A.2d 726, 735 (Pa. Super. 1999) (en banc).

Theodoropoulos asserts that the trial court erred by assessing a prior record score of 1. A contention that a trial court miscalculated a prior record score raises a substantial question. *Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa. Super. 2003). Accordingly, we will review this issue.

The PSI indicates that on June 22, 2011, Theodoropoulos admitted to indecent assault (M1) based on an incident in 2011 when tried to force himself on a twelve-year-old girl. Theodoropoulos was fifteen at the time. The Sentencing Guidelines provide that prior juvenile adjudications are counted in the prior record score where the offense occurred after the offender's fourteenth birthday and there was an express finding by the juvenile court that the adjudication was for a felony or an M1 offense listed in section 303.7(a)(4) of the Sentencing Guidelines. *See* 204 Pa.Code § 303.6. One of the offenses listed in section 330.7(a)(4) as adding one point

to a prior record score is indecent assault (complainant is less than 13 years).

In arguing that the court improperly assessed a prior record score of 1, Theodoropoulos notes that the indecent assault on a twelve-year old girl involved "consensual, non-intercourse sex with his then underage girlfriend." Appellant's Brief, at 18. Even if this is true, it does not undermine the fact that Theodoropoulos was adjudicated of committing indecent assault on a complainant under thirteen years of age.

Theodoropoulos next argues that at the sentencing hearing, "the trial court generally discusses [his] juvenile history but does not cite with any specificity that that there had been an express finding by the juvenile court that the prior juvenile adjudication against him was for a felony or one of the misdemeanor offenses listed in § 303.7(a)(4)". Appellant's Brief, at 19.

Based on the PSI, which indicates that on June 5, 2011, Theodoropoulos pled guilty to indecent assault (M1), the record sufficiently establishes that he committed an offense that supports a prior record score of 1. Accordingly, he is not entitled to relief on this claim.

Distilled to its essence, Theodoropoulos' next issue asserts that the trial court erred by sentencing him in the aggravated range without consideration of mitigating circumstances. Such a claim raises a substantial question. **Commonwealth v. Felmlee**, 828 A.2d 1105, 1107 (Pa. Super. 2003).

As the trial court notes in its Rule 1925(a) opinion:

> While the Sexual Offenders Assessment Board did not find [Theodoropoulos] to be a sexually violent predator, we found his actions with respect to the victim of this case involved predatory behavior. Specifically, we noted this was not [Theodoropoulos'] first incident involving sexual contact with a minor and that [Theodoropoulos] admitted he was not concerned with the victim's age. We also noted that [Theodoropoulos] had been unsuccessfully discharged from treatment through Forensic Counseling Associates because he was unable to take responsibility for his actions. Furthermore, we noted that [Theodoropoulos] committed the sexual assault within one year of being released on an adjudication of sexual assault, which occurred when he was a juvenile. We also noted a prior record score of one. In total, we imposed the sentence in the aggravated range for all of the aforementioned reasons, which were detailed on the record at the sentencing hearing before the imposition of sentence.

Trial Court Opinion, 6/2/15, at 4-5 (citations omitted).

Theodoropoulos appears to argue that when imposing sentence, the trial court should have considered the fact that he was only fifteen years old when he engaged in "consensual, non-intercourse sex with his then underage girlfriend." Brief of Appellant, at 20. Although under the sentencing guidelines, Theodoropoulos' prior record score was 1, he asserts that "the positive testimony of his expert witness at sentencing, combined with the lower court's proper assessment of [Theodoropoulos'] prior record score as zero, would have had an impact on the aggregate sentence imposed by the lower court." *Id.* at 21. In light of our discussion of the prior record score and the court's decision not to grant a continuance to allow the expert witness to testify, Theodoropoulos is not entitled to relief on this claim.

Theodoropoulos' final claim is that the trial court's deviation from the sentencing guidelines was unreasonable and excessive, and thus contrary to the Sentencing Code. This claim is based on a faulty premise because the sentence of 22 to 60 months' incarceration is within the sentencing guidelines, although it is within the aggravated range. Furthermore, Theodoropoulos does not set forth the specific provision of the Sentencing Code or the fundamental norm underlying the sentencing process that the trial court violated. Accordingly, Theodoropoulos has not raised a substantial question. *See Commonwealth v. Trippett*, 932 A.2d 188, 202 (Pa. Super. 2007).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/2/2016