829 A.2d 312 (2003)
In the Interest of: A.J.
Appeal of: A.J., Appellant.
Superior Court of Pennsylvania.
Submitted May 5, 2003.
Filed July 10, 2003.
*313 John Packel, Public Defender, Philadelphia, for appellant.
Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Com., appellee.
Before: STEVENS, MUSMANNO, and OLSZEWSKI, JJ.
STEVENS, J.
¶ 1 Appellant, a minor, appeals from the dispositional order entered by the juvenile court following his adjudication of delinquency on charges of knowing and intentional possession of a controlled substance, possession with intent to deliver a controlled substance, and delivery of a controlled substance. Herein, Appellant contends that the trial court abused its discretion in denying his request for a continuance to secure the presence of a purported witness, and that counsel was ineffective for failing to request a bring down order for this witness. We affirm.
¶ 2 On January 18, 2001, at approximately 8:30 p.m., Officer Arthur Herder of the Narcotics Strike Force conducted surveillance at Seventh Street and Huntington Avenue in Philadelphia. Officer Herder observed a black truck approach Appellant, who was standing on the corner. A man, later identified as Wayne Fiderko, exited the truck and engaged in conversation with Appellant. Thereafter, Mr. Fiderko handed Appellant currency, to which Appellant, in turn, handed several small objects to Mr. Fiderko. After the parties parted ways, Officer Herder directed backup officers to stop Mr. Fiderko. Upon doing so, sixteen (16) packets of crack cocaine were confiscated from him.
¶ 3 The same evening, at approximately 8:50 p.m., another man, later identified as Chang Kang, approached and engaged in conversation with Appellant. Again, Appellant was given currency in exchange for several small objects. After the parties headed in different directions, backup officers stopped both Mr. Kang and Appellant. Mr. Kang was found in possession of three (3) packets of crack cocaine. Appellant was apprehended inside a building and twenty-five dollars ($25.00) was recovered from him. In addition, inside a hole in the wall near the area where Appellant was apprehended police recovered sixty-one (61) packets, fifty (50) of which contained cocaine.
*314 ¶ 4 A hearing was held on July 10, 2001. Prior to the commencement thereof, and following the Commonwealth's presentation of its case, Appellant requested a continuance on the basis that a defense witness was not brought down to testify. The court denied Appellant's requests for a continuance. Thereafter, Appellant was found guilty of knowing or intentional possession of a controlled substance, possession with intent to deliver a controlled substance, and delivery of a controlled substance. Consequently, he was adjudicated delinquent and committed to the State Department of Public Welfare for placement at YDC Forestry Camp #2. This appeal followed.[1]
¶ 5 In the present case, Appellant first contends that the trial court abused its discretion in denying his request for a continuance to secure the presence of purported exculpatory witness Mr. Kang. We disagree.
¶ 6 "The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion." Commonwealth v. McAleer, 561 Pa. 129, 135, 748 A.2d 670, 673 (2000) (citation omitted). "[A]n abuse of discretion is not merely an error of judgment. Rather, discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record ...." Id. (citations and quotation marks omitted).
[W]hen reviewing a trial court's decision to deny a request for a continuance, we must consider the following factors:
(1) the necessity of the witness to strengthen the defendant's case;
(2) the essentiality of the witness to the defendant's defense;
(3) the diligence exercised to procure his or her presence at trial;
(4) the facts to which he or she could testify; and
(5) the likelihood that he or she could be produced at court if a continuance were granted.
Commonwealth v. Small, 559 Pa. 423, 453, 741 A.2d 666, 683 (1999) (citations omitted).
¶ 7 Herein, following the presentation of the Commonwealth's case, Appellant's counsel stated, in pertinent part, as follows:
YOUR HONOR, BEFORE CLOSING, YOUR HONOR, EARLIER IN THE DAY I ASK[ED] THAT MR. KANG, WHO I BELIEVE IS IN THE HOUSE OF CORRECTION, I ALSO STATED THAT I BELIEVE THERE WAS AN ATTEMPT TO AT LEAST BRING HIM DOWN. I KNOW IT IS NOT ON THE RECORD BUT I WOULD SAY IT HAS BECOME CLEAR THAT THE TESTIMONY IS THAT MR. KANG WAS ONE OF THE BYERS [sic] AND IT IS OUR POSITION THAT HE WOULD TESTIFY THAT HE DID BUY DRUGS IN QUESTION ON THE DAY, BUT HE DID NOT BUY IT FROM [APPELLANT].
N.T. 7/10/01 at 40.
¶ 8 The court denied Appellant's request for a continuance and, in a subsequently issued opinion, stated, in relevant part, as follows:
In the instant case[,] the adjudicatory hearing had been listed as a `must be tried' matter. On the morning of the trial[,] defense counsel had requested a *315 continuance because a defense witness had not been brought down from the House of Corrections. The Court reviewed the Quarter Sessions file and it revealed that a `Bring Down' was never ordered for the witness. As defense counsel did not have an explanation for the `bring down' not being ordered, this Court denied his request for a continuance.
Trial Court Opinion filed 9/26/01 at 2.
¶ 9 As evidenced by testimony adduced at the July 10, 2001 hearing, Appellant failed to establish that he exercised any degree of diligence in attempting to secure the presence and testimony of Mr. Kang. In fact, Appellant's counsel merely speculated that, "MR. KANG, WHO I BELIEVE IS IN THE HOUSE OF CORRECTION, I ALSO STATED THAT I BELIEVE THERE WAS AN ATTEMPT TO AT LEAST BRING HIM DOWN." N.T. 7/10/01 at 40 (emphasis added). In addition, Appellant did not discuss the likelihood that Mr. Kang could ultimately be produced in the event his request for a continuance was granted. See Commonwealth v. Ritchie, 326 Pa.Super. 447, 474 A.2d 324, 327 (1984) (finding that the trial court did not abuse its discretion in denying a continuance to procure a witness where counsel was unable to assure the court that such witness could be procured if continuance was granted). Therefore, we find that the court did not abuse its discretion in denying Appellant's request for a continuance.[2] ¶ 10 Next, Appellant claims that counsel was ineffective for failing to request a bring down order for Mr. Kang.[3] In order to obtain relief premised upon a claim that counsel was ineffective, an appellant must demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) the appellant was prejudiced by counsel's act or omission. Commonwealth v. Miller, 560 Pa. 500, 512, 746 A.2d 592, 598 (2000). Prejudice in this context has been defined to mean that the appellant must establish that but for the arguably ineffective act or omission, there is a reasonable probability that the result would have been different. Commonwealth v. Crawley, 541 Pa. 408, 414, 663 A.2d 676, 679 (1995).

*316 To establish ineffectiveness for failure to present a witness, Appellant must establish that: (1) the witness existed; (2) the witness was available; (3) counsel was informed of the existence of the witness or counsel should otherwise have known of him; (4) the witness was prepared to cooperate and testify for Appellant at trial; and (5) the absence of the testimony prejudiced Appellant so as to deny him a fair trial. A defendant must establish prejudice by demonstrating that he was denied a fair trial because of the absence of the testimony of the proposed witness. Further, ineffectiveness for failing to call a witness will not be found where a defendant fails to provide affidavits from the alleged witnesses indicating availability and willingness to cooperate with the defense.
Commonwealth v. Khalil, 806 A.2d 415, 422 (Pa.Super.2002) (internal citations omitted).
¶ 11 In the present case, the record is devoid of evidence to indicate that Mr. Kang was available and prepared to cooperate and testify for Appellant at his hearing. Furthermore, Appellant failed to furnish an affidavit setting forth the nature of Mr. Kang's proposed testimony, "the manner in which the missing testimony would have been helpful[,]" and how the absence of the testimony prejudiced him in such a way so as to deny him a fair trial. Commonwealth v. Ervin, 456 Pa.Super. 782, 691 A.2d 966, 970-971 (1997). As such, Appellant's claim that counsel was ineffective for failing to secure the presence of Mr. Kang at Appellant's hearing is without merit.
¶ 12 Based on the foregoing, we affirm the adjudication of delinquency.
¶ 13 Affirmed.
NOTES
[1] Pursuant to the court's order to do so, Appellant filed a statement of matters complained of on appeal, to which the court issued an opinion in accordance with Pa.R.A.P. 1925(a).
[2] Appellant concedes that counsel did not provide the court with an explanation as to why a "bring down" order was not requested. See Brief of Appellant at 12.
[3] We note that in Commonwealth v. Grant, 572 Pa. 48, 67, 813 A.2d 726, 738 (2002), the Supreme Court stated that "as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." The Court acknowledged, however, that under limited circumstances, the Court could choose to create exceptions and review certain claims of ineffectiveness on direct appeal. Id. at 67 n. 14, 813 A.2d at 738 n. 14. In Commonwealth v. Stock, 545 Pa. 13, 19-21, 679 A.2d 760, 764 (1996), the Supreme Court reiterated this Court's holding in In the Interest of A.P., 421 Pa.Super. 141, 617 A.2d 764, 768 (1992) (en banc), stating that the Post-Conviction Relief Act, which is the remedy for adults seeking post-conviction relief, is unavailable to a juvenile. Consequently, in the case sub judice, Appellant would be precluded from challenging his claim of ineffective assistance of counsel if not addressed on direct appeal. See Commonwealth v. Salisbury, 2003 PA Super 167, 823 A.2d 914 (April 29, 2003) (permitting discussion on the merits of the appellant's ineffective assistance of counsel claim on the basis that the appellant would be precluded from challenging such claim in a collateral proceeding because of the length of sentence); See also Commonwealth v. Ingold, 2003 PA Super 163, 823 A.2d 917 (April 29, 2003) (addressing the merits of the appellant's ineffective assistance of counsel claim on direct appeal in that the appellant would be ineligible for collateral relief because he was no longer serving a sentence or on probation or parole). Therefore, we will address the merits of Appellant's ineffectiveness claim.