J-S50016-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| TROY L. MOON, | : | |
| | : | |
| Appellee | : | No. 1879 WDA 2013 |

Appeal from the Order Entered October 25, 2013,
In the Court of Common Pleas of Allegheny County,
Criminal Division, at No. CP-02-CR-0007420-2013.

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN and ALLEN, JJ.

MEMORANDUM BY SHOGAN, J.: **FILED NOVEMBER 19, 2014**

The Commonwealth appeals from the order of the trial court which granted the Commonwealth's motion to *nolle prosse* and withdraw charges, but also dismissed with prejudice the charges filed against Appellee, Troy L. Moon. We affirm.

We summarize the history of this case as follows. On March 17, 2013, Appellee was stopped at a DUI checkpoint and exhibited signs of intoxication. In addition, Appellee showed signs of impairment during three field sobriety tests. Subsequent testing of his blood indicated that Appellee had a blood alcohol level of .222%. On April 3, 2013, a criminal complaint was filed charging Appellee with two counts of driving under the influence of alcohol. The matter was scheduled to proceed to a nonjury trial on August

6, 2013.  Appointed counsel filed a motion for continuance seeking time to explore Appellee's eligibility for the ARD program.  The case was then scheduled for nonjury trial on September 4, 2013.  On that date, Appellee, along with additional defendants, entered a negotiated guilty plea.  However, during the plea hearing Appellee's counsel requested the trial court to review the district attorney's rejection of Appellee from the ARD program.  In response to defense counsel's request, the trial court suggested that Appellee proceed to a nonjury trial, and set a trial date of October 25, 2013.  It appears that the Commonwealth, Appellee, and the trial court are in agreement that the trial scheduled for October 25, 2013, was to be a stipulated nonjury trial.

On October 17, 2013, after receiving notice that the arresting officer was unavailable on October 25, 2013, the Commonwealth filed a motion for continuance.  On October 25, 2013, the trial court denied the motion for continuance.  Also on that date, the Commonwealth filed a motion for *nolle prosse*.[1]  The trial court granted the motion for *nolle prosse*, and added the language "dismissed with prejudice" to the proposed order.

---

[1] "A *nolle prosequi* is a voluntary withdrawal by the prosecuting attorney of proceedings on a particular bill or information, which can at anytime be retracted to permit revival of proceedings on the original bill or information." ***Commonwealth v. Rega***, 856 A.2d 1242, 1245 n.10 (Pa. Super. 2004) (quoting ***Commonwealth v. Whiting***, 500 A.2d 806, 807 (Pa. 1985)).

On November 4, 2013, the Commonwealth filed a motion to reconsider the denial of the requested continuance and dismissal with prejudice. Appellee filed, on November 14, 2013, a response to the Commonwealth's motion to reconsider. On November 25, 2013, the Commonwealth filed this appeal from the order of October 25, 2013, which granted the motion for *nolle prosse* and dismissed with prejudice.

The Commonwealth presents the following issue for our review:

> I.    Whether the trial court abused its discretion by denying the Commonwealth's first request for a postponement after having granted the defense the courtesy, and further, whether the trial court abused its discretion by dismissing the case with prejudice when the prosecutor asked to withdraw the charges for the purpose of refilling [sic] the action?

Commonwealth's Brief at 4. The Commonwealth contends the trial court erred in granting its request for *nolle prosequi* with prejudice, which had been entered at its request following the denial of a continuance.

With respect to *nolle prosequi*, Pa.R.Crim.P. 585 provides as follows:

**Rule 585.  *Nolle Prosequi***

> (A) Upon motion of the attorney for the Commonwealth, the court may, in open court, order a *nolle prosequi* of one or more charges notwithstanding the objection of any person.

Pa.R.Crim.P. 585(A).

The standard of review for a grant of such a motion is stated as follows:

The grant of a petition for *nolle prosequi*, lies within the sound discretion of the [trial] Court, and its action will not be reversed in the absence of an abuse of discretion.

Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration.

Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or [rules] in a manner lacking reason.

***Commonwealth v. Rega***, 856 A.2d 1242, 1244 (Pa. Super. 2004)

(citations and quotation marks omitted).[2]

Regarding continuances, this Court has stated the following:

"The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion." ***Commonwealth v. McAleer***, 561 Pa. 129, 135, 748 A.2d 670, 673 (2000) (citation omitted). "An abuse of discretion is not merely an error of judgment. Rather, discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record . . . ." ***Id***. (citations and quotation marks omitted).

***In Re A.J.***, 829 A.2d 312, 314 (Pa. Super. 2003).

Initially, we note that the proceedings that occurred in the trial court on October 25, 2013, at the conclusion of which the trial court dismissed the instant matter with prejudice, are not included in the certified record.

---

[2] In ***Rega***, this Court noted that there are two factors to consider when a request for *nolle prosequi* is made: (1) that the reason given by the Commonwealth for the request is valid and reasonable; and (2) whether a defendant had a valid speedy trial claim at the time the request is made. ***Rega***, 856 A.2d at 1245.

As this Court has explained:

> The fundamental tool for appellate review is the official record of the events that occurred in the trial court.  To ensure that an appellate court has the necessary records, the Pennsylvania Rules of Appellate Procedure provide for the transmission of a certified record from the trial court to the appellate court.  The law of Pennsylvania is well settled that matters which are not of record cannot be considered on appeal.  Thus, an appellate court is limited to considering only the materials in the certified record when resolving an issue.  In this regard, our law is the same in both the civil and criminal context because, under the Pennsylvania Rules of Appellate Procedure, any document which is not part of the officially certified record is deemed nonexistent - a deficiency which cannot be remedied merely by including copies of the missing documents in a brief or in the reproduced record.  The emphasis on the certified record is necessary because, unless the trial court certifies a document as part of the official record, the appellate judiciary has no way of knowing whether that piece of evidence was duly presented to the trial court or whether it was produced for the first time on appeal and improperly inserted into the reproduced record.  Simply put, if a document is not in the certified record, the Superior Court may not consider it.

> This Court cannot meaningfully review claims raised on appeal unless we are provided with a full and complete certified record.  This requirement is not a mere "technicality" nor is this a question of whether we are empowered to complain *sua sponte* of *lacunae* in the record.  In the absence of an adequate certified record, there is no support for an appellant's arguments and, thus, there is no basis on which relief could be granted.

> The certified record consists of the "original papers and exhibits filed in the lower court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the lower court."  Pa.R.A.P. 1921.  Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty.

***Commonwealth v. Preston***, 904 A.2d 1, 6-7 (Pa. Super. 2006) (citations omitted). ***See also Commonwealth v. Williams***, 715 A.2d 1101, 1106 (Pa. 1998) (finding a critical distinction between whether the lower court failed to transmit to this Court a complete record and whether the appellant failed to complete the record in the lower court).

Our review of the certified record reflects that the transcript of the October 25, 2013 proceedings was never prepared, and thus, was never filed with the trial court. Indeed, the certified record contains a letter from the court reporter to the assistant district attorney, which explains the lack of transcript as follows:

> I am in receipt of your Transcript Order Form dated May 12, 2014 for the Proceedings held in the Troy Moon case listed for hearing on October 25, 2013 in front of Judge Kelly Bigley.
>
> I have reviewed my stenographic notes for the Troy Moon case listed to be heard that day, and there were "No Notes Taken" in this case.

Court Reporter's Letter to Assistant District Attorney, 5/23/13, at 1 (docket entry 18).

Accordingly, the certified record indicates that the necessary transcripts were not taken in the trial court, and the trial court could not transmit them to this Court. Because the Commonwealth's arguments are based on facts adduced at the October 25, 2013 proceedings before the trial court, the evidence upon which the Commonwealth must rely does not exist

in the certified record. Thus, without a record of the October 25, 2013 proceedings, we are unable to address the merits of the Commonwealth's claims of error. Hence, we cannot grant relief on the Commonwealth's issues.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/2014