J-S33027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JASON ANDREW MERSCHAT | |
| Appellant | No. 1479 WDA 2015 |

Appeal from the PCRA Order September 17, 2015
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0012256-2009

BEFORE:  GANTMAN, P.J., OLSON and FITZGERALD,* JJ.

MEMORANDUM BY OLSON, J.:                          **FILED JULY 25, 2016**

Appellant, Jason Andrew Merschat, appeals from the order entered on September 17, 2015 dismissing his first petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-9546.  We affirm.

The relevant factual background and procedural history of this case is as follows.  On March 19, 2009, a Pennsylvania State Police trooper pulled Appellant over for speeding.  Because Appellant exhibited signs of intoxication, the trooper administered field sobriety tests, which Appellant failed.  Appellant was then transported to the hospital where a blood test showed his blood alcohol concentration ("BAC") was .195%.

On October 6, 2009, the Commonwealth charged Appellant via criminal information with driving under the influence ("DUI")–highest rate

---

* Former Justice specially assigned to the Superior Court

(second offense),[1] DUI–general impairment (first offense),[2] and five summary traffic offenses. Prior to trial, the Pennsylvania State Police erased the video recording of the traffic stop. Because of this, Appellant moved to suppress all evidence gained as a result of the stop, including Appellant's BAC test results, pursuant to Pennsylvania Rule of Criminal Procedure 573. The trial court denied the suppression motion.

At trial, the Commonwealth called Jennifer Janssen ("Janssen"), a toxicologist with the Allegheny County Medical Examiner's Office. The Commonwealth did not produce an expert report authored by Janssen and Appellant's trial counsel did not request production of such a report. On August 3, 2010, Appellant was convicted of DUI–highest rate, DUI-general impairment, and four summary offenses. On November 3, 2010, the trial court sentenced Appellant to 90 to 180 days' imprisonment followed by four years' probation for DUI–highest rate. Appellant's DUI-general impairment conviction merged with his DUI-highest rate conviction and he was sentenced to no further penalty on the remaining charges.

This Court affirmed Appellant's judgment of sentence and our Supreme Court denied allowance of appeal. *Commonwealth v. Merschat*, 46 A.3d 811 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 48 A.3d 1248 (Pa. 2012). In affirming Appellant's judgment of sentence, this Court

---

[1] 75 Pa.C.S.A. § 3802(c).

[2] 75 Pa.C.S.A. § 3802(a)(1).

found that Appellant waived his claim that the charges against him should have been dismissed for a violation of Rule 573 because he only sought suppression of the evidence and not dismissal of the charges. After our Supreme Court denied allowance of appeal, the trial court ordered Appellant to serve his sentence. Upon completion of his prison term, Appellant sought early termination of his probation. The trial court denied the request and Appellant appealed that decision.

While that appeal was pending, and within one year of his judgment of sentence becoming final, Appellant filed a counseled PCRA petition. The PCRA court dismissed the petition because the appeal of the early termination of probation ruling was still pending. Appellant then appealed the dismissal of his PCRA petition. Eventually, this Court consolidated those appeals, affirmed the trial court's denial of early termination of probation, vacated the dismissal of the PCRA petition, and remanded for consideration of the PCRA petition. *Commonwealth v. Merschat*, 107 A.3d 225, 2014 WL 10575178 (Pa. Super. 2014) (unpublished memorandum).

On remand, Appellant filed an amended PCRA petition. On August 14, 2015, the PCRA court issued notice of its intent to dismiss the petition without an evidentiary hearing. *See* Pa.R.Crim.P. 907. On September 17,

2015, the PCRA court dismissed Appellant's petition. This timely appeal followed.[3]

Appellant presents four issues for our review:

1. [Did the PCRA court err in dismissing Appellant's claim that counsel was ineffective for failing to preserve his Rule 573 issue for review?

2. Did the PCRA court err in dismissing Appellant's claim that counsel was ineffective for failing to request an expert report from the Commonwealth and failing to object to the expert's testimony?

3. Did the PCRA court err in dismissing Appellant's claim that counsel was ineffective for failing to call Janine Arvizu ("Arvizu") as an expert witness?

4. Did the trial court err in dismissing Appellant's claim that his sentence was illegal?]

*See* Appellant's Brief at 1-2.

As most PCRA appeals involve mixed questions of fact and law, "[o]ur standard of review of an order granting or denying relief under the PCRA requires us to determine whether the decision of the PCRA court is supported by the evidence of record and is free of legal error." ***Commonwealth v. Melendez-Negron***, 123 A.3d 1087, 1090 (Pa. Super. 2015) (internal alteration, quotation marks, and citation omitted).

---

[3] On October 5, 2015, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). ***See*** Pa.R.A.P. 1925(b). On October 8, 2015, Appellant filed his concise statement. On November 6, 2015, the PCRA court issued its Rule 1925(a) opinion. All issues raised on appeal were included in Appellant's concise statement.

"The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Ruiz*, 131 A.3d 54, 57 (Pa. Super. 2015) (citation omitted).

Appellant's first three claims relate to the purported ineffectiveness of his counsel. A "defendant's right to counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, [Section] 9 of the Pennsylvania Constitution is violated where counsel's performance so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Simpson*, 66 A.3d 253, 260 (Pa. 2013) (internal quotation marks and citation omitted). "Trial counsel is presumed to be effective[.]" *Commonwealth v. Perry*, 128 A.3d 1285, 1289 (Pa. Super. 2015) (citation omitted).

In order to overcome the presumption that counsel was effective, Appellant must establish that "(1) the underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his client's interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1255 (Pa. Super. 2014) (*en banc*), *appeal denied*, 104 A.3d 1 (Pa. 2014) (internal alterations, quotation marks, and citation omitted). "A claim of ineffectiveness will be denied if the defendant's evidence fails to meet any one of these prongs."

***Commonwealth v. Oliver***, 128 A.3d 1275, 1284 (Pa. Super. 2015) (citation omitted). The burden of proving ineffectiveness is on the petitioner. ***Commonwealth v. Slaughter***, 120 A.3d 992 (Pa. 2015).

In his first issue, Appellant claims that counsel was ineffective for failing to preserve his Rule 573 claim for direct appellate review. At the suppression hearing, Appellant sought suppression of all evidence, including his BAC test results, based upon the Commonwealth's erasure of the dash cam video of Appellant's traffic's stop. The trial court denied the motion to suppress. On appeal, counsel argued that the trial court erred by not dismissing the charges under Rule 573. A panel of this Court found that Appellant waived review of his Rule 573 claim because counsel only sought suppression of the evidence before the trial court whereas, on appeal before this Court, counsel sought dismissal of the charges.

Appellant forwards a novel approach to demonstrate that his first claim meets the criteria for proving ineffective assistance of counsel. Appellant argues that, because counsel failed to follow appellate rules and waived appellate review of his Rule 573 claim, the first two parts of the ineffective assistance test, arguable merit and lack of a reasonable basis, are established. Appellant concedes that he must satisfy the prejudice prong since counsel's conduct waived only some, but not all, appellate claims. However, based on a merits analysis of his Rule 573 claim, Appellant asserts there is a reasonable probability that he would have obtained appellate

relief, if not for the actions of counsel. Consequently, Appellant asks for a new trial with an order excluding all evidence gathered during the March 19, 2009 traffic stop.

Appellant misunderstands our precedent that addresses the appropriate remedy made available where counsel's failure to follow appellate rules of procedure effectively denies a defendant his right to direct review. Specifically, Appellant misunderstands this Court's decisions in *Commonwealth v. Johnson*, 889 A.2d 620 (Pa. Super. 2005) and *Commonwealth v. Franklin*, 823 A.2d 906 (Pa. Super. 2003). In *Johnson* and *Franklin*, the appellate "brief[s] on direct appeal w[ere] so deficient under [Pennsylvania Rule of Appellate Procedure] 2119 that this Court [was] unable to consider the merits of [the defendants'] claims." *Johnson*, 889 A.3d at 623. It was this waiver of all issues on appeal that led this Court to find that the first two prongs of ineffectiveness were satisfied.

In this case, Appellant's counsel filed a brief which complied with Rule 2119 and this Court addressed the merits of Appellant's other issue raised on direct appeal. Thus, *Johnson* and *Franklin* are inapposite. Instead, this case is governed by *Commonwealth v. Grosella*, 902 A.2d 1290 (Pa. Super. 2006). In *Grosella*, this Court held that when counsel waives all but one issue on direct appeal, the defendant must still plead and prove all three prongs of an ineffective assistance of counsel claim. *Id.* at 1294. As

counsel in this case preserved one issue for appellate review, Appellant must satisfy all three prongs of the test for ineffective assistance of counsel.

Appellant's first claim alleges counsel was ineffective for failing to preserve his Rule 573 issue, which centered upon the Commonwealth's erasure and subsequent failure to produce dash cam video of Appellant's traffic stop. Appellant concedes, for purposes of legal analysis, that the recording is potentially useful evidence. In cases where the prosecution fails to produce potentially useful evidence, a due process violation occurs only where the Commonwealth's failure to preserve was done in bad faith, regardless of the centrality of the evidence for the prosecution or defense. ***Commonwealth v. Snyder***, 963 A.2d 396, 404 (Pa. 2009). Bad faith is shown where evidence is destroyed under circumstances "in which the police themselves by their conduct indicate that the evidence could form a basis for exonerating the defendant." ***Arizona v. Youngblood***, 488 U.S. 51, 58 (1988).

In ***Snyder***, our Supreme Court held that it is very difficult to find bad faith when evidence is destroyed pursuant to a standard policy. ***Snyder***, 963 A.2d at 406, *citing* ***United States v. Beckstead****,* 500 F.3d 1154, 1159-1160 (10th Cir. 2007). In this case, the Commonwealth erased the video recording of Appellant's traffic stop in accordance with a standard policy.

**See** N.T., 4/7/10, at 74-77.[4] Appellant points to no authority and offers no reasons why the destruction of the recording in this case falls into the narrow class of cases where bad faith is shown despite the destruction of evidence pursuant to standard policy. As such, Appellant failed to plead and prove that his underlying claim is of arguable merit.[5]

In his second issue, Appellant argues that trial counsel was ineffective for failing to request an expert report from Janssen. Appellant argues that, if counsel had requested an expert report, counsel could have limited Janssen's testimony to the alcohol content in Appellant's blood and excluded testimony regarding the effect of alcohol in Appellant's blood stream. Second, Appellant argues that trial counsel was unaware of Janssen's qualifications and therefore could not challenge her on cross-examination. Both of these arguments are without merit.

As to limiting Janssen's testimony, Appellant "does not even attempt to offer any legal theories under which [Janssen's testimony] could have

---

[4] Specifically, every camera has two tapes – one located in the camera and one located in storage. After the tape in the camera is full (which occurs after it is used for approximately 30 days), the tape in storage is erased and the two tapes are switched. Thus, depending upon when in the cycle the recording is made, recordings are destroyed between 30-60 days after they are made unless a request to preserve the recording is made. In this case, the preliminary hearing was delayed for several months. By the time the preliminary hearing was held, the tape had been erased.

[5] For the same reasons, Appellant is unable to show any prejudice because even if counsel would have preserved the issue, this Court would have affirmed the trial court's ruling.

been [limited]. Therefore, this claim merits no relief." ***Commonwealth v. Copenhafer***, 719 A.2d 242, 256 (Pa. 1998). Furthermore, our review of the record indicates that Janssen's testimony would have been admissible even if Appellant's trial counsel requested an expert report. This Court routinely accepts the expert testimony of toxicologists as it relates to the impact a given amount of alcohol has on an individual. ***E.g., Braun v. Target Corp.***, 983 A.2d 752, 760-761 (Pa. Super. 2009), *appeal denied*, 987 A.2d 158 (Pa. 2009) (collecting cases). Janssen testified that, as part of her employment, she "interpret[s what] the significance of the alcohol finding . . . is in a particular specimen." N.T., 7/30/10, at 48. Thus, she was qualified to offer such an expert opinion and any attempt to limit such testimony would have been rejected.

As to Janssen's qualification's, an expert report is not the only means to learn about an expert's qualifications. In this case, Janssen testified on direct examination to her qualifications. ***See*** N.T., 7/30/10, at 46-48. Appellant's trial counsel could have cross-examined Janssen about her qualifications based upon these disclosures at trial. Therefore, Appellant's claim related to the lack of an expert report from Janssen lacks arguable merit and Appellant is not entitled to relief on his second ineffectiveness claim.

In his third issue, Appellant argues that trial counsel was ineffective for failing to call Arvizu as an expert witness to rebut Janssen's testimony.[6] As this Court has explained

> To establish ineffectiveness for failure to present a witness, Appellant must establish that: (1) the witness existed; (2) the witness was available; (3) counsel was informed of the existence of the witness or counsel should otherwise have known of [her]; (4) the witness was prepared to cooperate and testify for Appellant at trial; and (5) the absence of the testimony prejudiced Appellant so as to deny him a fair trial. A defendant must establish prejudice by demonstrating that he was denied a fair trial because of the absence of the testimony of the proposed witness. Further, ineffectiveness for failing to call a witness will not be found where a defendant fails to provide affidavits from the alleged witnesses indicating availability and willingness to cooperate with the defense.

*In re A.J.*, 829 A.2d 312, 316 (Pa. Super. 2003), *appeal denied*, 842 A.2d 405 (Pa. 2003) (citation omitted).

In this case, Arvizu's affidavit did not state that she was available and willing to cooperate with the defense at the time of Appellant's trial. *See* Appellant's Amended PCRA Petition, 1/2/15, at Exhibit A. As such, Appellant is not entitled to relief on his third ineffectiveness claim.

In his final issue, Appellant argues that his sentence was illegal. He argues that the maximum sentence for a second DUI-highest rate conviction is 60 days' imprisonment. The legality of a sentence is a pure question of

---

[6] Arvizu is a chemist and lab auditor who allegedly reviewed the practices of the lab that performed the BAC test on Appellant's blood and, based on said review, believes the lab may have deficiencies which could render the BAC results unreliable.

law, therefore our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Cardwell***, 105 A.3d 748, 750 (Pa. Super. 2014), *appeal denied*, 121 A.3d 494 (Pa. 2015) (citation omitted).

Although Act 189 of 2014 amended section 3803(a), this case is governed by the statute at the time Appellant was sentenced. ***See Commonwealth v. Grow***, 122 A.3d 425, 427 n.3 (Pa. Super. 2015) (*en banc*), *superseded by statute on other grounds*, 2014 P.L. 2905. Thus all of our references to the relevant statutes are to those in effect at the time of Appellant's sentencing. At that time, section 3803 provided, in relevant part:

> (a) Basic offenses.—Notwithstanding the provisions of subsection (b):
>
> (1) An individual who violates section 3802(a) (relating to driving under influence of alcohol or controlled substance) and has no more than one prior offense commits a misdemeanor for which the individual may be sentenced to a term of imprisonment of not more than six months and to pay a fine under section 3804 (relating to penalties).
>
> * * *
>
> (b) Other offenses.—
>
> * * *
>
> (4) An individual who violates section 3802(a)(1) where the individual refused testing of blood or breath, or who violates section 3802(c) or (d) and who has one or more prior offenses commits a misdemeanor of the first degree.

75 Pa.C.S.A. § 3803 (Purdon's 2009).

Appellant's argument is based upon a misunderstanding of this Court's decisions in **Grow** and **Commonwealth v. Musau**, 69 A.3d 754 (Pa. Super. 2013), *superseded by statute*, 2014 P.L. 2905, interpreting section 3803. In **Musau** and **Grow**, the defendants were convicted of DUI-general impairment with refusal to consent to chemical testing. The defendants in both cases argued that the maximum sentence for a second DUI-general impairment with refusal to consent to chemical testing conviction was six months' imprisonment. The Commonwealth, on the other hand, argued that the maximum sentence for a second DUI-general impairment with refusal to consent to chemical testing conviction was five years' imprisonment. The difference arose because of a conflict between sections 3803(a) and 3803(b)(4). Specifically, section 3803(a) provided that the maximum penalty for a first or second DUI-general impairment conviction was six months' imprisonment. On the other hand, section 3803(b)(4) provides that a second or subsequent DUI-general impairment with refusal to consent to chemical testing offense is a first-degree misdemeanor, which is punishable by up to five years' imprisonment. In addition, section 3803(b)(4) provides that second and subsequent DUI-highest rate and DUI-controlled substances convictions shall also constitute first-degree misdemeanors. In **Musau** and **Grow**, this Court held that the "notwithstanding" language of section 3803(a) meant that the six month maximum punishment provided in section 3803(a) controlled what the maximum penalty for a second DUI-general

impairment with refusal to consent to chemical testing conviction was. ***Grow***, 122 A.3d at 428.

Neither ***Musau*** nor ***Grow***, nor any other of the litany of cases cited by Appellant,[7] addressed a DUI-highest rate conviction, the relevant section in this appeal. Those cases did not address DUI-highest rate because section 3803(a) only addressed DUI-general impairment convictions. Only section 3803(b)(4) addresses second DUI-highest rate convictions. Section 3803(b)(4) provides that a second DUI-highest rate conviction is a first-degree misdemeanor, which carries a five-year maximum sentence. 18 Pa.C.S.A. § 106(b)(6), (e). Although this Court's language in ***Musau*** may not have been precise,[8] a complete review of ***Musau*** and ***Grow*** reveals that the passage relied upon by Appellant only referred to DUI-general impairment convictions. As such, Appellant's sentence was legal.

Order affirmed.

---

[7] Appellant cites ***Commonwealth v. Schrock***, 118 A.3d 459, 2015 Pa. Super. Unpub. LEXIS 3331 (Pa. Super. 2015) (unpublished memorandum), in support of his argument that section 3803(a) applies to convictions other than DUI-general impairment, *i.e.*, convictions under section 3802(d)(2). The defendant in ***Schrock***, however, was only convicted of DUI-general impairment and the section 3802(d)(2) charge was withdrawn. Moreover, we note that this Court's operating procedures provide that unpublished memoranda decisions "shall not be relied upon or cited…by a party in any other action or proceeding". Operating Procedures of the Superior Court § 65.37A.

[8] Specifically, this Court stated that "the maximum sentence for a first or second DUI conviction is six months' imprisonment." ***Musau***, 69 A.3d at 758.

Gantman, P.J. joins the memorandum.

Fitzgerald, J. concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/25/2016