388 A.2d 1046

COMMONWEALTH of Pennsylvania

v.

Robert ADAMS, Appellant.

Supreme Court of Pennsylvania.

Submitted Oct. 17, 1977.

Decided July 14, 1978.

Defender Assn. of Phila., Benjamin Lerner, Defender, Leonard Sosnov, Asst. Defender, John W. Packel, Asst. Defender, Chief, Appeals Div., for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, Michael R. Stiles, Asst. Dist. Atty., Chief, Appeals Div., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant Robert Adams was indicted under the Crimes Code, 18 Pa.C.S.A. §§ 3921 ("Theft by unlawful taking or disposition") and 3925 ("Receiving stolen property") for theft of an automobile.[1] A court sitting without jury convicted appellant of violating section 3921. Upon appellant's request for a disposition under section 3925, the court acquitted him thereunder solely because it believed appellant could not be convicted under both sections. Post-verdict motions were denied and appellant was sentenced to three years

---

1. Appellant was also indicted under 18 Pa.C.S.A. § 3928 ("Unauthorized use of [a motor vehicle]"), but the court sustained a demurrer to this charge.

probation. The Superior Court affirmed without opinion (Hoffman, J., joined by Spaeth, J., concurring). We granted appellant's petition for allowance of appeal.[2]

■ Appellant contends that the evidence is insufficient to sustain his conviction because there is no evidence that he stole the automobile. We agree with the trial court that one who exercises unlawful control over moveable property of another may be convicted of theft under 18 Pa.C.S.A. § 3921, even without evidence that he originally misappropriated the property. We therefore affirm.

Around June 19, 1974, an automobile valued at $3500 was stolen from the complainant. Two days later, he and a friend saw appellant standing next to the stolen car. The friend approached appellant, who, after starting the engine, offered to sell the car for $100. The police were called and arrested appellant.

■ The issue appellant raises is one of the first impression in this jurisdiction. Section 3921(a) provides that

"A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, moveable property of another with intent to deprive him thereof."

We believe that appellant "exercise[d] unlawful control over" the automobile of complainant when he got in the car, started the engine, and offered to sell the car to complainant's friend. This conclusion accords the language of the statute its ordinary meaning. See 1 Pa.C.S.A. § 1903 (plain meaning rule); accord, *Commonwealth v. Harmon*, 469 Pa. 490, 366 A.2d 895 (1976).

Other states with current statutory provisions resembling Pennsylvania's have rejected appellant's argument. Illinois, like Pennsylvania, based its new theft statutes upon the Model Penal Code, Tentative Draft No. 2, art. 206 and the Official Draft, art. 223. Under a provision forbidding "[o]btain[ing] or exert[ing] unauthorized control over the

2. We hear this appeal pursuant to the Appellate Court Jurisdiction Act, Act of July 32, 1970, P.L. 673, § 204, 17 P.S. § 211.204 (Supp. 1977).

property [of another]," Illinois allows conviction even when there is no proof that a defendant originally misappropriated the property. E. g., *People v. Dziak,* 30 Ill.App.3d 859, 333 N.E.2d 582 (1975) (mem.); *People v. Helm,* 10 Ill.App.3d 643, 295 N.E.2d 78 (1973); *People v. Nunn,* 63 Ill.App.2d 465, 212 N.E.2d 342 (1965). Accord, *State v. Huot,* 170 Conn. 463, 464, 365 A.2d 1144, 1146 (1976) (statute more explicit than Pennsylvania's). Citing a Virginia decision, the West Virginia court early stated the rule that

> "if [one] is indicted for a simple larceny and upon the trial it appears that he did not actually steal the property but did receive it with knowledge of the theft, he is nevertheless guilty of the larceny and amenable to the same penalties. *Price v. Com.,* 21 Grat. [62 Va.] 846; *State v. Halida,* 28 W.Va. 499."

*State v. Goldstrohm,* 84 W.Va. 129, 131, 99 S.E. 248 (1919).

Appellant presents two reasons why we should require evidence of taking under section 3921. We find neither persuasive. First, he notes that the comments to the Model Penal Code analogue to section 3921 state that " 'exercise' of unauthorized [3] control is the requirement in the typical embezzlement situation where the actor already has lawful control" of property. Model Penal Code, Tent. Draft No. 2, § 206.1, comment 3. He concludes that we should require some evidence showing the accused misappropriated the automobile before the accused may be convicted under section 3921. However, the comment also states that the description "Taking or Exercise of Unlawful Control . . replaces . . . 'caption' and 'asportation' as well as a great variety of current legislative terms such as steal, take, remove, carry away, *receive, secrete, conceal,* withhold, retain, fail or refuse to pay, appropriate, convert, embezzle, misapply, *sell, convey, transfer, dispose, pledge, use." Id.* (emphasis added). Thus, the drafters of the Model Penal Code intended that the Code's analogue to section 3921 prohibit at least such acts of unlawful control over property

---

**3.** The Model Penal Code uses "unauthorized" where the Pennsylvania statute has "unlawful."

as receipt, use and sale, as well as its original misappropriation. We thus find nothing in the comments to persuade us that the Legislature did not intend section 3921 to proscribe appellant's conduct.

Appellant also argues that to hold him liable under section 3921 would make a nullity of section 3925, prohibiting receiving, retaining, or disposing stolen goods, because section 3925 would prohibit every act covered by section 3921. See 1 Pa.C.S.A. § 1921(a) ("Every statute shall be construed, if possible, to give effect to all its provisions"). To the contrary, our construction of section 3921 accords independent scope to section 3925. Section 3903(a) imposes an enhanced penalty for conviction of theft by receiving stolen property (section 3925) in certain cases where the receiver is in the business of buying or selling stolen property.[4]

For these reasons, we believe that the court of common pleas properly interpreted 18 Pa.C.S.A. § 3921. Under this construction there was sufficient evidence to convict appellant.[5]

Judgment of sentence affirmed.

MANDERINO, J., concurs in the result.

NIX, J., filed a dissenting opinion in which POMEROY, J., joined.

4. To the extent that conduct formerly proscribed by receiving stolen goods statutes are now proscribed by section 3921 as well, the comments to the Model Penal Code notes that such assimilation is proper: "Analytically, the receiver does precisely what is forbidden by [the MPC analogue of section 3921], namely, he exercises unauthorized control over property of another with the purpose of applying or disposing of it permanently for the benefit of himself or another not entitled." Model Penal Code, Tent. Draft No. 2, § 206.8, comment 1.

5. Appellant presents two other issues. He asserts that the trial court could not render inconsistent verdicts by convicting him of theft of an automobile while sustaining a demurrer to a charge of unauthorized use of the same vehicle. Appellant did not raise this issue in post-verdict motions, and it therefore has not been preserved for appellate review. *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975). He also contends that his jury waiver colloquy was defective. This contention is without merit.

NIX, Justice, dissenting.

The majority construes Section 3921 of the Crimes Code, 18 Pa.C.S.A. § 3921 (Theft by taking or unlawful disposition),[1] so broadly that it would cover all conduct proscribed by Section 3925, 18 Pa.C.S.A. § 3925 (Receiving stolen property).[2] This construction renders Section 3925 a virtual nullity, and is in conflict with the legislative mandate of Section 1921(a) of the Statutory Construction Act of 1972, 1 Pa.C.S.A. § 1921(a) (Supp.1977–78), by which we are bound in construing statutes. Section 1921(a) states:

> "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions."

The majority attempts to demonstrate that Section 3925 will have continuing viability, independent of Section 3921, despite this decision, by using Section 3903(a) as a bench mark against which to measure the reach of the two sections here involved. That section reads as follows:

> "Theft constitutes a felony of the third degree if the amount involved exceeds $2,000, or if the property stolen is a firearm, automobile, airplane, motorcycle, motorboat or other motor-propelled vehicle, *or in the case of the theft by receiving stolen property, if the receiver is in the business of buying or selling stolen property."* (emphasis added).

This enhancement of penalty which the majority perceives as the justification for the enactment of Section 3925, occurs

---

1. Section 3921(a) provides as follows:
   § 3921. Theft by taking or unlawful disposition
   "(a) Movable property.—A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." Act of December 6, 1972, P.L. 1482, No. 334, 18 Pa.C.S.A. § 3921.

2. Section 3925(a) provides as follows:
   "Receiving stolen property
   "(a) Offense defined.—A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner."

514

only in limited situations which I cannot believe was the sole motivation for the passage of this particular Section.

Accepting for the moment the majority's method of statutory construction, as to which I have considerable doubt, it shows that the remaining utility of Section 3925 will indeed be extremely limited. Generally, conduct constituting the knowing receipt of stolen property would subject the actor to identical punishment under Sections 3921 and 3925 regardless of the value or nature of the article; a difference in degree of penalty would occur in cases of receiving stolen goods only where the actor is in the business of buying or selling stolen property and that property is not a firearm, automobile, airplane, motorcycle, motorboat or other motor-propelled vehicle and where the property has a value of less than $2,000.

Although admittedly Sections 3921 and 3925 are not artfully drawn, I believe the legislature in enacting them intended to perpetuate the traditional distinctions between the crime of larceny and the crime of receiving stolen goods. In my judgment, to construe the two Sections as does the majority is virtually to eliminate the need for Section 3925 and to distort the legislative intention.

I therefore dissent.

POMEROY, J., joins in this dissenting opinion.