419 A.2d 1280

**COMMONWEALTH of Pennsylvania**

v.

**Ralph E. WILLETTS, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 13, 1979.

Filed May 2, 1980.

Peter H. Shaffer, Butler, for appellant.

Robert F. Hawk, Assistant District Attorney, Butler, for Commonwealth, appellee.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

HOFFMAN, Judge:

Appellant challenges the sufficiency of the evidence to support his convictions of theft and attempted burglary.[1] We agree that appellant's conviction of theft was unsupported by the evidence and, accordingly, reverse and remand for resentencing.

Viewed in the light most favorable to the Commonwealth, *Commonwealth v. Tate*, 485 Pa. 180, 401 A.2d 353 (1979), the evidence adduced at trial revealed the following: Sometime during the night of February 18, 1977, a yellow van belonging to Wade Snider was stolen from the service station where it had been parked. The van was used by Mr. Snider in his business, Mon–D–Aid & Cleanit Company. When Mr. Snider next saw the van, the interior had been extensively damaged, one of the headlights had been smashed, and some maps and business cards had been removed from the glove compartment.

At approximately 1:00 a. m. on February 19, 1977, Virginia Roxbury was awakened by the sounds of a man hollering and kicking a yellow van which appeared to be disabled outside her home. Ms. Roxbury identified appellant at trial as the man she had seen that night. She immediately reported the disabled vehicle to the police. When she saw appellant approach a garage near her home, Ms. Roxbury called the police again. Before she finished the second call, however, the police arrived. When Officer John Campbell arrived on the scene with his partner, he saw a young man whom he recognized as appellant, standing at the door to the garage near Ms. Roxbury's home striking the padlock with something. The two officers got out of their police car and chased appellant on foot. When they lost sight of him, the

---

1. Although appellant states the question involved as whether the verdict was against the weight of the evidence and against the law, his argument is directed to the sufficiency of the evidence. We will, therefore, treat this as a sufficiency of evidence issue.

officers began to search the area by car. During the search, they noticed a car with its brake lights on but with no apparent occupants. Upon closer examination of the car, the officers found appellant lying on the floor under the dashboard reaching for the wiring. They then arrested him. They found in his possession a business card from Mon–D– Aid and a map matching Mr. Snider's description of those in the van glove compartment. Officer Campbell returned to the garage area where he found fresh tracks in the snow leading from the yellow van to the garage door and around to the side of the garage where a window pane had been broken. In addition, the officer found a large rock on the ground near the door where appellant had dropped the instrument with which he had been pounding on the lock.

Appellant was charged with attempted burglary, theft by unlawful taking, and attempted theft. A jury found appellant guilty of attempted burglary of the garage and of theft of the yellow van from the service station. The jury acquitted appellant of attempted theft of the car in which he was apprehended. The lower court sentenced appellant to concurrent terms of 2½ to 7 years imprisonment and ordered him to pay the costs of prosecution and restitution. Appellant now appeals from the judgment of sentence.[2]

Appellant first challenges his conviction for attempted burglary. The Crimes Code provides in relevant part that "[a] person is guilty of burglary if he enters a building  .   .   .   with intent to commit a crime therein, .   .   .." 18 Pa.C.S.A. § 3502(a). "A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." *Id.* at § 901(a). Thus, the Commonwealth must prove that the defendant had both the intent to enter the building and the intent to commit a crime

2. The lower court allowed appellant to take this appeal nunc pro tunc after finding trial counsel ineffective for failing to pursue a direct appeal.

therein in order to sustain its burden of proof of attempted burglary. *Commonwealth v. Morgan*, 265 Pa.Super. 225, 233, 401 A.2d 1182, 1186 (1979); *Commonwealth v. Madison*, 263 Pa.Super. 206, 397 A.2d 818 (1979). Often, intent cannot be proven directly but must be inferred from examination of the facts and circumstances of the case. *Commonwealth v. Morgan, supra; Commonwealth v. Madison, supra.*

Appellant concedes that striking the garage door with a rock was a substantial step toward gaining entry to the garage and that this action demonstrated the requisite intent to enter the garage. He contends, however, that proof of his intent to commit a crime within the garage was lacking because the Commonwealth did not show that the garage contained articles which could be the object of criminal activity. This argument must fail for the Commonwealth need not prove that the building contained such articles, but only that appellant *intended* to commit a crime therein.[3] 18 Pa.C.S.A. § 3502(a). Viewing the totality of the circumstances, including appellant's attempt to break the padlock on a garage, the late hour at which he made this attempt, and his flight upon arrival of the police, we conclude that the Commonwealth presented adequate evidence of attempted burglary. *See Commonwealth v. Madison, supra.*

Appellant also contends that the Commonwealth failed to prove beyond a reasonable doubt that he committed a theft. "A person is guilty of theft if he takes, or exercises unlawful control over, moveable property of another with intent to deprive him thereof." 18 Pa.C.S.A. § 3921. Generally, mere possession of recently stolen property is but one factor to be considered in determining guilt of theft, and a conviction based solely upon an inference from possession cannot stand. *Commonwealth v. Simmons*, 233 Pa.Super.

3. The information did not specify the crime which appellant was charged with having intended to commit once inside the garage.

547, 336 A.2d 624 (1975). *See also Commonwealth v. Owens,* 441 Pa. 318, 271 A.2d 230 (1970) (plurality opinion); *Commonwealth v. Bailey,* 250 Pa.Super. 402, 378 A.2d 998 (1977). In *Commonwealth v. Adams,* 479 Pa. 508, 388 A.2d 1046 (1978), however, our Supreme Court held "that appellant 'exercise[d] unlawful control over' the automobile of complainant when he got into the car, started the engine, and offered to sell the car to complainant's friend," and was, therefore, properly convicted of theft by unlawful taking or disposition. *Id.,* 479 Pa. at 510, 388 A.2d at 1047.

■ The evidence adduced by the Commonwealth with respect to the theft charge in the instant case, consisted only of (1) Ms. Roxbury's testimony that she saw appellant climbing into and out of the van and kicking and cursing at the van; (2) the fact that a map and a business card from the van were found in appellant's possession; and (3) Mr. Snider's testimony that his van was stolen. There was no testimony placing appellant in the vicinity of the service station from which the van was stolen, nor did anyone see appellant operate the van. Moreover, appellant's activity around the van did not evidence the degree of dominion and control over the vehicle found sufficient by the Court in *Adams, supra.* We therefore conclude that appellant's conviction of theft was not sufficiently supported by the evidence. Accordingly, we must discharge appellant on the charge of theft and remand the case for resentencing on the conviction of attempted burglary.[4] *Commonwealth v. Lockhart,* 223 Pa.Super. 60, 296 A.2d 883 (1972).

Judgment of sentence reversed and appellant discharged on theft conviction. Judgment of sentence vacated and case remanded for resentencing on attempted burglary conviction.

4. Appellant also contends that the lower court imposed excessive sentences on both the burglary conviction and the theft offense. Because of our disposition of the case, we need not consider this contention.