J. S10018/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

IN THE INTEREST OF: D.D., A MINOR    :    IN THE SUPERIOR COURT OF
         :           PENNSYLVANIA
         :
APPEAL OF: D.D., A MINOR    :
         :
         :
         :
         :
         :
         :    No. 613 EDA 2016

Appeal from the Dispositional Order January 29, 2016
In the Court of Common Pleas of Philadelphia County
Juvenile Division at No(s): CP-51-JV-0000101-2016

BEFORE: BENDER, P.J.E., DUBOW, J., and SOLANO, J.

MEMORANDUM BY DUBOW, J.:        **FILED April 25, 2017**

Appellant, D.D., appeals from the Dispositional Order entered after the Philadelphia County juvenile court adjudicated him delinquent of acts constituting Theft by Unlawful Taking of Movable Property and Unauthorized Use of an Automobile.[1] After careful review, we conclude that the evidence presented by the Commonwealth was insufficient to establish either charge and we, therefore, reverse.

The evidence adduced at trial, as gleaned from the record, is as follows. On January 17, 2016, between 1:00 and 2:00 pm, Victoria Santa ("Santa") returned from the store, parked her 2003 Honda Accord, and went into the house to switch vehicles with her daughter. N.T., 1/29/16, at 6.

---

[1] 18 Pa.C.S. §§ 3921(a) and 3928(a), respectively.

She left the keys in the vehicle while she went inside the house. *Id.* at 7. When her daughter went outside, she noticed that the car was gone. *Id.* Santa called the police and reported the vehicle stolen. *Id.*

Officer Asa Winchester ("Officer Winchester") testified that, at approximately 7:25 pm that same day, she "observed a car drive through the intersection of Green and Queen Lane." *Id.* at 11-12. Officer Winchester testified that this was an "infraction" and that she stopped the car. *Id.* at 12. Appellant, who was driving the vehicle, pulled over as soon as Officer Winchester signaled the car to stop, and cooperated with Officer Winchester throughout the stop. *Id.* at 14.

In addition to Appellant, there were two female and two male passengers in the car. *Id.* When no one was able to produce identification or a driver's license, Officer Winchester took down their names. *Id.* at 12. One of the males in the rear passenger compartment explained that the vehicle belonged to his uncle.[2] *Id.* at 14. At some point during the stop, radio dispatch notified Officer Winchester that the vehicle was the same one reported stolen by Santa earlier in the day. *Id.* at 12. Officer Winchester then took all of the vehicle occupants into custody. *Id.* at 12.

Appellant was arrested and charged with the above-mentioned offenses. On January 29, 2016, the juvenile court held an Adjudicatory

---

[2] Officer Winchester was not asked and did not testify regarding whether the vehicle occupants were asked or able to provide registration or proof of ownership for the car.

Hearing, at the close of which it adjudicated him delinquent of acts constituting Theft by Unlawful Taking of Movable Property and Unauthorized Use of an Automobile, and summarily ordered that he be placed in a residential facility.

Appellant filed a timely Notice of Appeal, and complied with Pa.R.A.P. 1925(b). The trial court filed a cursory Pa.R.A.P. 1925(a) Opinion that lacks a single citation to relevant authority and ignores Appellant's challenge to the manner in which the trial court adjudicated him delinquent and ordered him placed in a residential facility.

On appeal, Appellant raises two issues:

1. Was not the evidence insufficient as a matter of law to sustain [A]ppellant's finding of guilt for theft by unlawful taking and unauthorized use of an automobile in that the Commonwealth failed to prove more than mere possession of a vehicle in stolen status, where the vehicle [A]ppellant was driving did not exhibit any damage indicative of a theft, a key was being used, [A]ppellant cooperated with police[,] and one of the passengers stated that the car belonged to his uncle?

2. Did not the juvenile court err and abuse [its] discretion in adjudicating [A]ppellant delinquent without holding a hearing, inquiring into whether, or making a finding that, [A]ppellant was in need of treatment, rehabilitation[,] or supervision?

Appellant's Brief at 3.

In his first issue, Appellant challenges the sufficiency of the evidence to establish Theft by Unlawful Taking of Movable Property and Unauthorized Use of an Automobile. Evidentiary sufficiency is a question of law; thus, our

standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Diamond,*** 83 A.3d 119, 126 (Pa. 2013).

In determining whether the evidence was sufficient to support a verdict, we view the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the verdict winner, the Commonwealth herein. ***Commonwealth v. Watley***, 81 A.3d 108, 113 (Pa. Super. 2013) (*en banc*). Furthermore,

> Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty, and may sustain its burden by means of wholly circumstantial evidence. Significantly, we may not substitute our judgment for that of the factfinder; if the record contains support for the convictions they may not be disturbed.

***Commonwealth v. Brewer***, 876 A.2d 1029, 1032 (Pa. Super. 2005) (citations and internal quotations omitted).

Appellant was adjudicated delinquent of Theft by Unlawful Taking of Movable Property, which is defined as follows: "A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S. § 3921(a). To be guilty of Theft by Unlawful Taking, "the actor's intention or conscious object must be to take unlawfully the property of another for the purpose of depriving the other of his or her property." ***Commonwealth v. Dombrauskas***, 418 A.2d 493, 496-97 (Pa. Super. 1980) (citing, *inter alia*, 18 Pa.C.S. § 302(b)(1)(ii)).

While a conviction for theft "may be based on circumstantial evidence alone, it must meet the standard of proof beyond a reasonable doubt." **Commonwealth v. Bailey**, 378 A.2d 998, 1001 (Pa. Super. 1977). "Although the Commonwealth does not have to establish guilt to a mathematical certainty, and may in a proper case rely wholly on circumstantial evidence, the conviction must be based on more than mere suspicion or conjecture." **Commonwealth v. Cichy**, 323 A.2d 817, 818 (Pa. Super. 1974).

Where a defendant is charged with Theft by Unlawful Taking of Movable Property, "[i]t is constitutional for the trier of fact to draw a permissible inference of guilty knowledge from the unexplained, or unsatisfactorily explained, possession of recently stolen goods." **Commonwealth v. Plath**, 405 A.2d 1273, 1274 (Pa. Super. 1979). However, "mere possession of recently stolen property is but one factor to be considered in determining guilt of theft, and a conviction based solely upon an inference from possession cannot stand." **Commonwealth v. Willetts**, 419 A.2d 1280, 1282 (Pa. Super. 1980).

In **Plath**, a patrol officer witnessed the appellant entering and driving a vehicle that had been stolen only hours earlier. **Plath, supra** at 1274. When the officer began following the vehicle, appellant "attempted to evade the officer by speeding up; after running a red light, [the appellant] crashed into a building." **Id.** After crashing the vehicle, the appellant then

attempted to flee on foot. ***Id.*** Upon review, this Court found sufficient evidence to sustain a conviction for Theft by Unlawful Taking based on the appellant's possession of recently stolen goods because "appellant's conduct at the time immediately preceding his arrest is totally inconsistent with innocent behavior and merely adds weight to the factfinder's conclusion that appellant knew the vehicle was stolen." ***Id.*** (quotation and citation omitted). ***See also Commonwealth v. Jones***, 461 A.2d 276, 278 (Pa. Super. 1983) (holding that evidence was sufficient to sustain a conviction for Theft by Unlawful Taking based on appellant's unexplained possession of a recently stolen vehicle, coupled with his flight from the scene); ***Commonwealth v. Galvin***, 985 A.2d 783, 791 (Pa. 2009) (finding evidence was sufficient to establish Theft by Unlawful Taking where appellant was caught driving a van using the owner's keys, towards a remote wooded area late at night, without headlights illuminated, and with the vehicle owner's boyfriend's dead body in the cargo area and a container filled with gasoline in the front passenger seat).

In the instant case, although Appellant was found in possession of the vehicle only five hours after it was reported stolen, there were no surrounding circumstances to support an inference that Appellant stole the vehicle or operated the vehicle knowing that it was stolen and with the intent to deprive the true owner of her property. The Commonwealth's witness, Officer Winchester, testified that when she signaled for Appellant to

stop, he pulled the car over immediately, and was cooperative throughout the car stop. N.T. at 14. Appellant was in possession of keys to the vehicle, and there was no sign of damage to the vehicle. *Id.* at 10, 14-15. Officer Winchester further testified that, during the stop, one of the males in the back seat told her that the car belonged to his uncle. *Id.* at 14. All personal effects and identifying information that would have tied the vehicle to Santa had been dumped from the vehicle at some point prior to the stop. *Id.* at 10. Pursuant to *Willets*, we conclude that Appellant's Theft by Unlawful Taking conviction, "based solely upon an inference from possession[,] cannot stand." *Willets, supra* at 542.

We turn next to Appellant's argument that the Commonwealth failed to prove the required *mens rea* to sustain a conviction of Unauthorized Use of an Automobile. Unauthorized Use of an Automobile is defined as follows:

> **(a) Offense defined.**—A person is guilty of a misdemeanor of the second degree if he operates the automobile, airplane, motorcycle, motorboat, or other motor-propelled vehicle of another without consent of the owner.

18 Pa.C.S. § 3928(a). "[A] conviction for unauthorized use of a vehicle must be predicated on proof that the defendant operated the vehicle without the owner's consent and that the defendant knew or had reason to know that he lacked the owner's permission to operate the vehicle." *Commonwealth v. Carson*, 592 A.2d 1318, 1321 (Pa. Super. 1991) (citations omitted).

With respect to the intent required to sustain a conviction for Unauthorized Use of an Automobile, the Commonwealth must only establish

that the defendant was reckless "with respect to the owner's lack of consent to the [defendant's] operation of the vehicle." ***Commonwealth v. Dunlap***, 505 A.2d 255, 257 (Pa. Super. 1985) (citation omitted). Further, it is well-settled that:

> a permissible inference of guilty knowledge may be drawn from the unexplained possession of recently stolen goods . . . . However, the mere possession of stolen property is insufficient to permit an inference of guilty knowledge; there must be additional evidence, circumstantial or direct, which would indicate that the defendant knew or had reason to know that the property was stolen.

***Commonwealth v. Matthews***, 632 A.2d 570, 572 (Pa. Super. 1993).

After careful review, and based upon the same evidence and reasoning discussed ***supra***, we conclude that the Commonwealth failed to provide the required "additional evidence" that would support a reasonable inference that Appellant "knew or had reason to know that the property was stolen." ***Id.***

Our analysis is consistent with the standard of review prescribed for determining whether the evidence is sufficient to support a guilty verdict. We accept as true the Commonwealth's evidence that the 2003 Honda Accord belonged to the victim, Victoria Santa, and that Appellant did not have her permission to drive the vehicle.[3] However, the question is not

---

[3] Although Santa did not have an opportunity to testify whether she ever gave Appellant permission to drive her car, she did state that she had never seen Appellant before her testimony at the Adjudicatory Hearing. N.T. at 9. The Commonwealth attempted to ask whether Santa had given Appellant

whether the vehicle in fact belonged to the passenger's uncle, but whether Appellant believed that the vehicle belonged to the passenger's uncle and that he was driving it with permission from that uncle. Appellant's belief that he was driving the car of his friend's uncle with permission from the uncle would negate the *mens rea* required to sustain a conviction for Theft by Unlawful Taking of Movable Property.

Similarly, Appellant's honest belief that he was driving the car with permission from the owner negates the *mens rea* required to sustain a conviction for Unauthorized Use of an Automobile, unless the Commonwealth can prove, beyond a reasonable doubt, that Appellant "consciously disregarded a substantial and unjustifiable risk that the owner has not consented." ***Carson, supra*** at 1322.

The Commonwealth had the burden of proving every element of the above offenses beyond a reasonable doubt. After a careful review of the evidence, viewed in the light most favorable to the Commonwealth, we conclude that the Commonwealth has merely proved that Appellant was found in possession of a vehicle that was recently stolen. A passenger in the back seat explained that the car belonged to his uncle, and there were no surrounding circumstances presented by the Commonwealth that suggest Appellant either (a) knew the statement about the uncle was false, or (b)

permission to use her car, but the trial court cut the Commonwealth off mid-sentence, saying "She said she had never seen him before in her life. Give me something real." ***Id.***

should have known that the statement about the uncle was false. Where Appellant was in possession of the keys to the vehicle, the vehicle had no damage to the steering column or windows that would suggest it had been stolen or tampered with, where Appellant immediately pulled the car over and cooperated with law enforcement, and where a passenger claimed that the car belong to his uncle, Appellant's behavior is equally consistent with that of a young man who reasonably, but mistakenly, believed that he had permission to operate the vehicle.

In light of the facts of this particular case, we conclude that the Commonwealth failed to meet its burden of proof, beyond a reasonable doubt, to sustain an adjudication of delinquency for acts constituting Theft by Unlawful Taking of Movable Property and Unauthorized Use of an Automobile. We, therefore, reverse Appellant's adjudication of delinquency and discharge him without reaching the merits of Appellant's second claim.[4]

---

[4] We would be remiss, however, if we did not convey our concerns about the curt manner in which the juvenile court adjudicated Appellant delinquent and ordered him placed in a residential facility. As our Supreme Court has made clear, a two-step process is required before a trial court can make a finding of delinquency: first, the trial court must determine whether the child has committed the acts in question, and then the court must determine whether "the child is in need of treatment, supervision, or rehabilitation." *In re M.W.*, 39 A.3d 958, 964 (Pa. 2012). By its plain language, the Juvenile Act calls for a hearing in which both the Commonwealth and the juvenile may present "evidence as to whether the child is in need of treatment, supervision[,] or rehabilitation[.]" 42 Pa.C.S. § 6341(b). In the instant case, the trial court did not provide any opportunity for the parties to present evidence or argument, and instead told the lawyers to "sit down"

Dispositional Order reversed.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/25/2017</u>

---

before summarily announcing that Appellant is "a willful child" in need of placement.  N.T. at 20-21.