J-A29032-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEFFREY ALLEN MALLIARD | : | |
| | : | |
| Appellant | : | No. 1322 WDA 2021 |

Appeal from the Judgment of Sentence Entered October 19, 2021,
in the Court of Common Pleas of Venango County,
Criminal Division at No(s):  CP-61-CR-0000549-2018,
CP-61-CR-0000551-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEFFREY A. MALLIARD | : | |
| | : | |
| Appellant | : | No. 1379 WDA 2021 |

Appeal from the Judgment of Sentence Entered October 19, 2021,
in the Court of Common Pleas of Venango County,
Criminal Division at No(s):  CP-61-CR-0000551-2018.

BEFORE:  BENDER, P.J.E., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED: JANUARY  26, 2023**

Jeffrey Allen Malliard appeals from the judgment of sentence entered following his convictions for criminal attempt to commit aggravated indecent assault, criminal attempt to commit aggravated indecent assault of a child,

and other offenses.[1] He argues that the evidence was insufficient to prove that he had the specific intent to penetrate the genitals or anus of the complainants. We affirm.

The Commonwealth charged Malliard with offenses against two girls at two dockets. One case involved M.A., who was thirteen at the time of the charged offenses and was in Malliard's extended family.[2] The other case involved A.C., who was seven to twelve at the time of the charged offenses and who lived next door to Malliard.[3] Both girls knew each other and were in youth groups led by Malliard's wife. The cases proceeded to trial starting May 17, 2021.

M.A. testified that on June 15, 2018, Malliard tried to hug and kiss her, squeezed her buttocks, and grabbed her breasts. N.T., Trial Vol. I, 5/17/21, at 49–51. She then described how Malliard put one hand inside her leggings far enough to touch her underwear, only stopping when she told him she "didn't want him to do that." *Id.* at 52.

---

[1] Malliard's brief erroneously states that he is appealing from both the verdict and the judgment of sentence. The appeals lie only from the latter, which Malliard correctly indicated in his notices of appeal.

[2] The charges were (1) criminal attempt to commit aggravated indecent assault, (2) corruption of minors, and (3) indecent assault. 18 Pa.C.S.A. §§ 901(a) and 3125(a)(8), 6301(a)(1)(i), and 3126(a)(8), respectively.

[3] The charges were (1)–(8) unlawful contact with a minor, (9)–(11) criminal attempt to commit aggravated indecent assault of a child, (12)–(19) indecent assault, and (20) corruption of minors. 18 Pa.C.S.A. §§ 6318(a)(1), 901(a) and 3125(b), 3126(a)(7), and 6301(a)(1)(ii), respectively.

A.C. testified that when she was about seven years old, Malliard put her hand on his penis (over his clothes). N.T., Trial Vol. II, 5/20/21, at 7–9. She said that a few weeks later, he put her hand on his penis and rubbed it back and forth. *Id.* at 9–10. A.C. testified that when she was about ten, Malliard pushed and held her on his bed as part of a game. *Id.* at 11–13. While she was on the bed, he put his hand on her waist and tried to take off her pants in a "nonchalant" way. *Id.* at 13. At that point, A.C. testified that she felt Malliard put his fingers in her pants past her waistband. *Id.* She described that Malliard was "humping" her—"thrusting" his body into hers. *Id.* at 14.

A.C. also testified to incidents when Malliard would sexually abuse her while they were playing computer games. She described how he would sometimes sit in a recliner playing computer games and pull her from the arm of the recliner onto his lap. *Id.* at 19. In this position, Malliard would rub A.C.'s stomach and try to stick his hand down her pants. *Id.* She explained that he never got his hand all the way down because she grabbed his hand and pulled it away. *Id.* at 19–20. A.C. recalled this happening on at least two occasions, when she was eight or nine. *Id.* at 20.

Ultimately, the jury found Malliard guilty of all offenses. On October 19, 2021, the court sentenced Malliard in both cases to an aggregate term of 14 to 29 years of imprisonment, followed by 3 years of probation.

Malliard timely appealed.[4] Malliard and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Malliard raises two issues for our review:

1. Did the [trial c]ourt err in holding there was sufficient evidence to establish the *mens rea* element of Aggravated Indecent Assault – Criminal Attempt: to wit, did the Commonwealth fail to introduce sufficient evidence that [Malliard] acted with the intent to penetrate the genitals or anus of the complaining witness?

2. Whether there was insufficient evidence to establish that Mr. Malliard committed the crime of Aggravated Indecent Assault – Criminal Attempt.

Malliard's Brief at 4.

As Malliard's issues are interrelated, we will address them together. The following principles frame our review of Malliard's sufficiency challenge:

> When reviewing a challenge to the sufficiency of the evidence, we evaluate the record in the light most favorable to the Commonwealth as verdict winner, giving it the benefit of all reasonable inferences to be drawn from the evidence. **Commonwealth v. Widmer**, 744 A.2d 745, 751 (Pa. 2000). "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." **Commonwealth v. Lynch**, 72 A.3d 706, 708 (Pa. Super. 2013) (*en banc*). Any doubt about the defendant's guilt is to be resolved by the fact-finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances. **See Commonwealth v. DiStefano**, 782 A.2d 574, 582 (Pa. Super. 2001). Additionally,

---

[4] Malliard first filed one notice of appeal at both docket numbers, in violation of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). However, he then filed another notice of appeal listing one docket number, correcting the error. **See Commonwealth v. Young**, 265 A.3d 462, 477 (Pa. 2021).

the Commonwealth may sustain its burden solely by means of circumstantial evidence. *Lynch*, 72 A.3d at 708.

*Commonwealth v. Lake*, 281 A.3d 341, 345–46 (Pa. Super. 2022) (citation formatting altered). Further, "even the uncorroborated testimony of a single witness may alone be sufficient to convict a defendant." *Commonwealth v. Gilliam*, 249 A.3d 257, 268 (Pa. Super. 2021) (citing *Commonwealth v. Crosley*, 180 A.3d 761, 768 (Pa. Super. 2018)); *see also* 18 Pa.C.S.A. § 3106 (providing that a complainant's testimony need not be corroborated in a prosecution for a Chapter 31 offense).

When the Commonwealth must prove that a defendant had a specific mental state, we evaluate the totality of the circumstances to determine if the jury could infer the requisite *mens rea*. *Commonwealth v. Pond*, 846 A.2d 699, 707 (Pa. Super. 2004) (citing *Commonwealth v. Willetts*, 419 A.2d 1280, 1281 (Pa. Super. 1980)). This entails an examination of "all record evidence and reasonable inferences therefrom." *Id.* (quoting *In the Interest of A.C.*, 763 A.2d 889, 890 (Pa. Super. 2000)).

The offenses at issue here are criminal attempt to commit aggravated indecent assault (of M.A.) and criminal attempt to commit aggravated indecent assault of a child (of A.C.). Section 901(a) of the Crimes Code defines criminal attempt: "A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S.A. § 901(a). This Court has stated that the elements of criminal attempt are "(1) an intent to commit a

specific crime and (2) any act constituting a substantial step toward the commission of that crime." ***Commonwealth v. Cooke***, 492 A.2d 63, 66 (Pa. Super. 1985) (citing ***Commonwealth v. Chance***, 458 A.2d 1371, 1374 (Pa. Super. 1983)). Therefore, for the first element of these offenses, the Commonwealth had to prove that Malliard intended to "engage[] in penetration, however slight, of the genitals or anus of [M.A. and A.C.] with a part of [Malliard's] body for any purpose other than good faith medical, hygienic or law enforcement procedures." 18 Pa.C.S.A. § 3125.[5]

Malliard argues that there was no evidence that he intended to move his fingers further down the complainants' underwear to penetrate their genitals before he withdrew his hand. Malliard's Brief at 7. He analogizes his

---

[5] Aggravated indecent assault under Section 3125**(a)(8)** requires that the complainant be less than 16, the defendant be more than 4 years older, and the defendant and complainant not be married to each other. Aggravated indecent assault under Section 3125**(a)(7)** requires that the complainant be less than 13. Aggravated indecent assault **of a child**, Section 3125**(b)**, requires the complainant to be less than 13 **and** the defendant to violate subsection 3125(a)(1), (2), (3), (4), (5), or (6)—to penetrate without the complainant's consent, by forcible compulsion, et cetera. A Section 3125(b) offense is graded as a felony of the first degree, while every Section 3125(a) offense is graded as a felony of the second degree. 18 Pa.C.S.A. § 3125(c).

Here, Malliard was charged with attempts to violate Section 3125(a)(8) (with M.A. as complainant) and Section 3125(b) (with A.C. as complainant). Both required proof of the girls' ages (but not Malliard's knowledge of them, *see Commonwealth v. Helsel*, 53 A.3d 906, 918–19 (Pa. Super. 2012)). For the Section 3125(b) offenses, unlike the Section 3125(a)(7) offense not charged, the Commonwealth also had to prove Malliard's specific intent to engage in conduct with A.C. that would violate subsection 3125(a)(1), (2), (3), (4), (5), or (6). Because Malliard only challenges the sufficiency of the evidence to prove that he intended to penetrate A.C.'s genitals, we need not address further the evidence supporting this other aspect of Malliard's intent.

case to **Commonwealth v. Wilamowski**, 633 A.2d 141, 144 (Pa. 1993), where our Supreme Court held that evidence that a defendant broke into and then fled from a house was insufficient to prove that he had the specific intent to commit a crime inside. We are not persuaded by this analogy.

We conclude that complainants' testimony was sufficient for the jury to infer that Malliard intended to penetrate their genitals when he reached into their clothing. M.A. testified that Malliard withdrew his hand from her leggings when she told him she "didn't want him to do that." A.C. described how when Malliard reached into her pants, she grabbed his hand and pulled it away. Both narratives establish that Malliard withdrew his hand based on a reaction from the girls. It is reasonable for a jury to infer from Malliard's response to physical or verbal resistance that he had the specific intent to complete the penetration otherwise. **See Commonwealth v. King**, 434 A.2d 1294, 1298 (Pa. Super. 1981) (holding evidence to be sufficient for attempted rape where the victim forced the defendant away).

In sum, the totality of the circumstances surrounding the incidents at issue were sufficient to infer Malliard's intent to commit the sex offenses. **See Commonwealth v. Chance**, 458 A.2d 1371, 1374 (Pa. Super. 1983) (reiterating well-established law that an intent to commit rape "may be inferred from the actions of the defendant in light of all attendant circumstances"). **See also Commonwealth v. Simpson**, 462 A.2d 821, 824 (Pa. Super. 1983) (affirming attempted rape conviction where defendant went inside victim's bedroom, put an object to her throat and began loosening his

jogging pants, but victim's yells for help caused defendant to flee); ***Commonwealth v. Owens***, 462 A.2d 255, 257 (Pa. Super. 1983) (concluding defendant took substantial step toward attempted rape when he forcibly led child into garage and removed her clothing but stopped whenever an adult entered the garage); ***Commonwealth v. Bullock***, 393 A.2d 921, 923 (Pa. Super. 1978) (concluding defendant took a substantial step toward attempted rape when he ripped victim's shirt, pulled down her bra, and attempted to remove her pants).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/26/2023